COMMONWEALTH *vs.* MICHAEL CONNORS.
SAME *vs.* SAME.

Hampshire. September 14. — October 22, 1874. WELLS & MORTON, JJ., absent.

At the trial of an indictment under the Gen. Sts. *c.* 87, § 7, for maintaining a liquor nuisance on a day certain and on divers other days between that day and another day certain, evidence of the character of the place on any day between the two days named is competent.

A conviction on an indictment under the Gen. Sts. *c.* 87, § 7, for maintaining a certain tenement as a liquor nuisance on a day certain, and on divers other days between that day and a day certain, is not a bar to an indictment found at the same session of the grand jury for maintaining the same tenement as a liquor nuisance on the day last named in the first indictment, and on divers other days between that day and another day certain.

THE FIRST CASE was an indictment found at the June session of the grand jury, 1873, under the Gen. Sts. *c.* 87, § 7, for keeping a common nuisance, to wit, a tenement for the illegal keeping and sale of intoxicating liquor, on July 1, 1872, and on divers other days between that day and May 1, 1873.

At the trial in the Superior Court, before *Dewey*, J., after evidence had been introduced concerning the character of the defendant's place on July 2, 1872, the presiding judge allowed evidence to be introduced, against the defendant's objection, as to what was found at the defendant's place on other days between said July 2, and May 1, 1873.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

THE SECOND CASE was an indictment under the Gen. Sts. *c.* 87, § 7, for keeping a common nuisance, to wit, a tenement for the illegal keeping and sale of intoxicating liquor on May 1, 1873, and on divers other days between that day and June 12, 1873.

At the trial in the Superior Court, before *Dewey*, J., the defendant filed a plea that he had been found guilty on an indict-

ment found against him at the same session of the grand jury, for keeping a common nuisance, to wit, a certain tenement for the illegal keeping and sale of intoxicating liquor from July 1, 1872, to May 1, 1873, and that the tenement was the same set out in this indictment.

A demurrer to this plea was sustained; the defendant was required to answer over, and pleaded not guilty. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*D. W. Bond*, for the defendant. The grand jury, by returning the two indictments, find that the defendant had kept a tenement as a nuisance continuously from July 1, 1872, to the time of the finding of the two indictments. The defendant was not guilty of as many different offences as there were days during this interval, but of one offence, more or less aggravated according to the length of time the tenement was so maintained. In *Wells* v. *Commonwealth*, 12 Gray, 326, the court say : " A nuisance is an offence that may have continuance, and may therefore be laid with a *continuando.*"

*C. R. Train*, Attorney General, for the Commonwealth.

ENDICOTT, J. In the first of these cases, evidence that the defendant kept a common nuisance on any day between July 2, 1872, and May 1, 1873, was competent, and the government was not confined to July 2 in its proof. The conviction is a bar to any other indictment for the same offence between the days named. But it is not a bar to the indictment in the second case for keeping a common nuisance between May 1, and the time of finding the indictment in June following. Evidence that would have been competent on the one indictment would not have been competent on the other. Distinct offences are charged in each indictment, and the same evidence could not convict in both cases. *Commonwealth* v. *Wood*, 4 Gray, 11. *Commonwealth* v. *Armstrong*, 7 Gray, 49. *Commonwealth* v. *Keefe*, 7 Gray, 332. *Commonwealth* v. *Traverse*, 11 Allen, 260. *Morey* v. *Commonwealth*, 108 Mass. 433.

The evidence was properly admitted in the first case, and the demurrer to the defendant's plea in the second properly sustained.                                    *Exceptions overruled.*