### COMMONWEALTH *vs.* JOHN ROBINSON.

Norfolk.   November 27, 1878. — January 18, 1879.

An acquittal on a complaint for keeping and maintaining a tenement for the illegal sale and illegal keeping of intoxicating liquors from January 1 to May 28, is a bar to a complaint for keeping the same tenement for the same purpose from January 1 to August 20 of the same year.

LORD, J.   The bill of exceptions in this case presents some questions of certainly unusual, if not entirely novel character.

The complaint made to a District Court charges the defendant with keeping a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors at Braintree, on January 1, 1878, and on divers other days and times between that day and August 20, 1878.

The bill of exceptions states that "in the Superior Court, the case being called for trial, the defendant having duly filed a plea in bar alleging a former acquittal of the same offence, and issue having been joined thereon, the government demurring *ore tenus,*

it appeared and was admitted that the defendant upon June 19, 1878, was acquitted upon a complaint in said District Court charging him with keeping and maintaining a tenement for the illegal sale and illegal keeping for sale of intoxicating liquors on January 1, 1878, and to May 28, 1878; that the tenement alleged in that complaint was the same as that alleged in the complaint upon trial. The court thereupon sustained the demurrer between June 1, 1878, and August 20, 1878, and the defendant duly excepted thereto."

From this record, it is difficult to understand the precise condition of the case. Literally construed, it would seem as if a demurrer to a plea was sustained in part and overruled in part. We cannot suppose that the Chief Justice presiding intended to make such ruling, but rather that he intended to rule, as matter of law, that the plea was bad as to the time between June 1, 1878, and August 20, 1878, as not covering the whole offence charged in the complaint, and, being thus bad as to a portion of the time covered by the complaint, it was wholly bad; and sustained the demurrer, intending to rule, as matter of law, that the defendant might so far avail himself of the facts stated in the plea as to preclude the government from offering proof of any facts transpiring before June 1, but to allow proof of facts subsequent to that date and prior to August 20, 1878.

Assuming this to be the true view of the facts affecting the rights of the defendant, the question is, was such ruling correct.

We are confirmed in our construction, by the fact that the defendant was directed to plead over, and all evidence of acts prior to June 1 was excluded. The real question thus presented is, whether the former acquittal is a bar to a conviction on the present complaint; and that question is to be decided by determining whether the offence charged in that complaint is the same offence with which he is charged in the complaint at bar. If it is the same offence, it is a bar to the present complaint; if it is not the same offence, it is neither a bar to this complaint nor is it admissible in evidence under it. An offence is in its nature indivisible. It may consist of a series of acts, but that series of acts constitutes but one offence. It may not only require a series of acts, but a duration of time, to constitute the offence; but, when the acts and the time are properly proved,

tLe offence is single and indivisible. There is therefore no such thing known in law as a judgment of conviction or acquittal being a bar to part of an offence. It must be a bar to the whole, or it is of no value.

The offence charged in this complaint is that of keeping a tenement for the illegal sale of intoxicating liquors between the first day of January and the twentieth day of August, 1878. If the defendant thus kept the tenement during every hour of the time between those dates, he has committed but one offence. It is true that such offence is continuous in its character. It is not an offence committed by a single sale of intoxicating liquors, but it is that of maintaining a common resort for the purchase of intoxicating liquors which the Legislature has deemed it proper to declare to be a common nuisance. But it has been frequently held that, in order to constitute the offence, there need be no proof offered that the place was so kept on each day of the time during the interval alleged in the complaint; but it is sufficient if during any portion of such time it was so kept; and it would not be contended by any one that a conviction could be had of the same offence if the time were in the two complaints precisely the same; nor would it be contended that a former conviction would not be a bar if the dates in the new complaint were botn within the terminal dates of the former complaint.

It is however contended, that, whenever the last complaint embraces a time which is not included in the previous complaint, evidence may be offered of acts done within such time, and a conviction had. The only case cited by the Commonwealth in support of such proposition is *Commonwealth* v. *Connors*, 116 Mass. 35, and cases there cited. The case, however, fails to sustain the proposition. It is decided upon the distinct ground that there is no one day common to both indictments, and Endicott, J., says: " Evidence that would have been competent on the one indictment would not have been competent on the other." No one of the cases referred to has any tendency to support the claim ; and, so far as we are aware, the precise question is a new one in this Commonwealth.

The principles which govern it are, however, quite well settled. The question is fully discussed in *Morey* v. *Commonwealth,* 108 Mass. 433, where the present Chief Justice of this court reviewed

the whole subject, referring to the leading decisions bearing upon the question, and said: "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other." In *Commonwealth* v. *Armstrong*, 7 Gray, 49, as well as in several other cases, it is decided that an indictment for being a common seller of intoxicating liquors from a day named to the day of finding the indictment is supported by proof of three sales made on any one day between the days named in the indictment. That case further decides that, although where the offence consists of but a single act, the day on which the act is alleged to have been committed is immaterial, if it appears to have been a day on which the offence charged might have been committed; yet where, on the other hand, the offence charged is continuous in its nature, and requires a series of acts for its commission, the time within which the offence is alleged to have been committed is material, and must be proved as alleged, so when a person is charged with an offence continuous in its nature and requiring for its commission a series of acts, and such offence is alleged to have been committed upon a single day, evidence of any facts tending to establish the offence at any other time than upon the day named is inadmissible.

Applying these principles to the case at bar, the same evidence which would have warranted a conviction upon the first complaint would have warranted a conviction upon the present complaint; for, upon the second complaint, the jury would have been required to convict the defendant if it should appear that he committed the acts complained of at any time between the first day of January and first day of June, 1878.

The plea, therefore, of former acquittal, if established, should have been a bar to this complaint. There are undoubtedly some practical objections to the application of this principle to a case like the present. Those difficulties, however, may readily be obviated by proper care on the part of the pleader. Dewey, J., in *Commonwealth* v. *Traverse*, 11 Allen, 260, remarks that "this form of stating the time, as allowed in this class of cases, gives to the prosecutor great latitude in the allegation of time, but, having fixed it by the indictment, the government is bound by

it." It therefore becomes important to the prosecutor that, in the exercise of this wide discretion, he should not so allege the time as that the exact facts which would establish the truth of his allegation would also establish the truth of the allegation in an indictment on which the defendant had been previously tried.

Although there are some difficulties in this view, they are by no means so great as they would be if we held differently. There is a seeming inconsistency in saying that a series of acts committed continuously from the first day of January to the twentieth day of August is the identical series of acts committed between the first day of January and the first day of June of the same year; but the inconsistency, when viewed in the light of the technical rules of pleading, is apparent rather than real. The offence is single and indivisible, and, whether the time alleged is longer or shorter, the commission of the acts which constitute it, within any portion of the time alleged, is a bar to the conviction for any other acts committed within the same time. If there had been no previous complaint against this defendant, acts necessary to constitute the offence committed in January would have warranted a conviction which would have been a bar to a conviction of the same offence by other acts in July of the same year.

The test which is to be applied is not what facts were offered in evidence under the former complaint, but whether by the record the facts which might have been proved in the former complaint would necessarily establish the truth of the present complaint, and clearly the truth of the facts necessary to establish the truth of the former complaint would establish the truth of the present.

A more serious practical difficulty arises from the fact that substantially and really it is allowing an amendment to a complaint before an appellate tribunal, which has already been tried before a court of competent jurisdiction. If it should be said that, for the purpose of identifying the former offence, and of showing that the offence now charged is a different offence from the former, by allowing proof only of acts committed after the trial of the former complaint, the reply is, that in law the offences are identical, though the instruments of proof are different. If we reverse the order of the complaints, and in fact a party had

been convicted upon the last complaint, it would clearly be absurd to say that it might be shown that in this complaint he had been convicted upon evidence of acts committed in July and August, and no evidence was offered of any acts committed during the time alleged in the first complaint. Or, to apply another test, if these two appeals had been pending at the same time, and tried together before the same jury, could the defendant have been convicted upon both? Precisely the same evidence which would require the jury to convict him upon the first complaint, would require them also to convict him upon the second. By the statute, the length of time during which the party is engaged in the business is not an element of the offence, and the identity of the offence can be determined by the discretion of the pleader.

In the case of *Commonwealth* v. *Connors*, 116 Mass. 35, there were two indictments, the first of which alleged the keeping of the tenement on July 1, 1872, and on divers other days and times between that day and May 1, 1873; and the second indictment alleged the keeping on May 1, 1873, and on other days between that day and June 12, 1873. It was objected in that case that two offences were charged, when but one offence had been committed, because, by comparing the indictments, it appeared that the grand jury had, in the two indictments together, charged a continuous keeping of the same tenement upon every day from July 1, 1872, up to June 12, 1873, and that the offence, being continuous, could not be subdivided, and made to constitute two offences, when in fact but one had been committed. This position, however, was decided to be untenable. Because there was no single day common to both indictments, it was held that two distinct offences were charged; thus illustrating the very large discretion vested in the grand jury in limiting the time within which a series of acts may be alleged as constituting a single offence. Other practical difficulties may readily be suggested in the way of holding that precisely the same acts, under allegations which call for no other acts, constitute different offences, and are not the identical offence.

This case differs widely from those cases so fully commented upon in *Morey* v. *Commonwealth*, cited above, in which the same acts done at the same time may constitute both of two distinct

offences. As a sale of liquor without authority upon the Lord's Day is an offence against the law regulating the sale of intoxicating liquors, so it may be also another and distinct offence of violation of the Lord's Day; and although it has been held that, though the same acts, thus committed at the same time, may constitute two distinct offences, and the party may be convicted of both offences, yet the complaints must be different, must contain different allegations and charge different offences. In the case at bar, the offence charged in the two complaints is the same, and the evidence which would sustain the first complaint would necessarily support the second.

On the whole, therefore, upon the question of law which, without criticising the form, the parties intended to present, namely, whether an acquittal on a complaint charging the defendant with maintaining a nuisance from January 1 to May 28, 1878, is a bar to another complaint for maintaining the same nuisance from January 1, to August 20, 1878, we are of opinion that such an acquittal properly pleaded and duly established is a bar. *Exceptions sustained.*

*J. L. Eldridge*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth