COMMONWEALTH *vs.* JAMES F. MATTHEWS.

Worcester. October 5. — 22, 1880. COLT & MORTON, JJ., absent

At the trial of a complaint for the unlawful keeping of intoxicating liquor on a certain day, with intent to sell the same unlawfully, there being evidence that the defendant kept a saloon both before and after the date named in the complaint, the government may show, on the question of intent, that the defendant had liquor at his saloon a week or ten days later than that date.

COMPLAINT, under the St. of 1875, c. 99, to the First District Court of Eastern Worcester, charging the defendant, on March 9, 1880, at Westborough, with unlawfully keeping intoxicating liquors, with intent to sell the same unlawfully.

At the trial in the Superior Court, before *Allen,* J., the government put in the evidence of L. J. Elwell, a deputy sheriff, who testified that he seized, on March 8, 1880, a quantity of beer in a cask in the defendant's place of business, which was a grocery and saloon in Westborough, in which place was a beer-pump, bar and other saloon fixtures; and also the testimony of

a chemist, who analyzed the sample of beer seized by Elwell, that the beer contained six per cent of alcohol and was lager beer.   J. W. Fairbanks, a witness for the government, testified that the defendant, on May 24, 1880, testified in court that he had some intoxicating liquor at his store some six weeks or two months before, and that he then conveyed the same to his house. This evidence was admitted against the defendant's exception. The district attorney, against the defendant's objection, was then allowed to ask the witness if the defendant at this time said anything about having the liquor in question in connection with the trial of this case before the magistrate, on or about March 15, 1880 ; to which the witness, against the defendant's objection, answered that the defendant said he had it when he went out of business, which was a week or ten days after the complaint.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. A. Gile*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

AMES, J.   It appears from the bill of exceptions that there was evidence which tended to show that the defendant's place of business was a grocery and saloon, furnished with a beer-pump, a bar and other saloon fixtures, and that intoxicating liquors were found there on the day before the filing of this complaint. We see no ground on which the defendant could object to proof that on the 24th day of May last, in court, he testified that he had intoxicating liquor at his shop some six weeks or two months before that date, and that he then conveyed it to his house.   The prosecuting officer then inquired in substance, "Did he then say anything about having the liquor in question, in connection with the trial before the magistrate who issued the warrant?" which trial was on the 15th day of March last.   To this question the witness answered that the defendant testified that he had the liquor when he went out of business, which was a week or ten days after the complaint.   To this evidence the defendant excepted.   We think, however, that where there is evidence of a continuous business, such as the keeping of a saloon, it is allowable to show the general course of business, such as the fitting up and furnishing of the place, and the

keeping of goods or liquors, apparently for sale, at and about the time charged in the complaint. Upon the question of intent, in such a case, the acts of the defendant soon after, as well as shortly before, the act complained of, may have a bearing. There were circumstances from which the keeping with intent to sell might well be inferred, and the government might prove a continuous keeping, even to a period a week or ten days later than the date charged in the complaint.

*Exceptions overruled.*