4 487
4 498
11* 542
11* 620

## THE UNITED STATES, RESPONDENT, *v.* NICHOLAS H. GROESBECK, APPELLANT.

CRIMINAL LAW.—UNLAWFUL COHABITATION.—OFFENSE NOT CONTINU-OUS.—The offense of cohabiting with more than one woman, created by section 3, of the Act of Congress, of March 22, 1882, 22 Stat., 31, is not necessarily a continuous offense and where G. was tried on an indictment containing two counts, the first of which charged him with unlawful cohabitation between January 1, 1884, and June 30, 1884, with the three women named; and the second charged unlawful cohabitation with the same women between the last above named date and December 31, 1884, *held,* that two offenses were charged.

ID.—ID.—TWO COUNTS TRIED BEFORE SAME JURY.—On the trial of such an indictment evidence tending to prove defendant's relations to the women named both before and after the time mentioned in the indictment, is admissible as tending to characterize his acts during such time, therefore, the trial of defendant on both counts before the same jury was proper.

ID.—ID.—TWO COUNTS, SENTENCE ON.- Where there are several charges in different counts of an indictment against the same person for the same act or transaction, but one punishment can be imposed; but where the acts or transactions are different, constitute distinct offenses, and may properly be joined, separate punishments may be imposed on each count.

ID.—ID.—TWO COUNTS.—DEFENDANT NO RIGHT TO SEPARATE TRIAL.—It is no objection to a trial of an indictment containing two counts, before the same jury; that the defendant is thereby deprived of one half of the peremptory challenges he would have been entitled to if each count had been tried separately.

ERROR NOT PRESUMED.—If all of the evidence touching the qualifications of a juror is not contained in the record, it will be conclusively presumed on appeal that the evidence justified the finding of the court as to such qualifications.

APPEAL from a judgment of the district court of the first district. The evidence touching the qualifications of Philip Grill, one of the trial jurors, was brought up by a bill of exceptions, which was settled and signed by the trial judge; the record was silent as to the bill of exceptions containing all of the evidence on that point. The other facts are sufficiently stated in the opinion of the court.

*Mr. A. G. Sutherland* and *Mr. A. G. Sutherland, Jr.,* for the appellant.

The counts in this indictment are not such as should have been united in the same indictment. Section 1024, Rev. Stat., U. S., provides that two or more acts or transactions of the same class of crimes or offenses may be united in the same indictment when they are such as *may be properly joined.* Two or more offenses are not properly joined when by such joinder the defendant may be deprived of any substantial right; when, for example, he may be, by reason of such joinder, convicted upon less or substantially different testimony.

The offense charged is a continuous offense, set on foot by a single impulse, that of the first acts of holding out the women named in the indictment as wives, and kept on foot by the unintermittent force of those acts continuously and uninterruptedly repeated. This court has held, notwithstanding this fact, that the offense may be segregated into any number of distinct periods of time. If this be true then time becomes of the essence of the offense and the prosecution are confined in their proof to those times or periods of time alleged. They are not permitted to travel outside for any purpose whatever: *Com.* v. *Elwell,* 1 Gray, 463; *Com.* v. *Briggs,* 11 Met., 573; *Com.* v. *Gardner,* 7 Gray, 494; *Com.* v. *Traverse,* 11 Allen, 260.

The reason for this doctrine, which Mr. Bishop says is peculiar to Massachussetts, as he deduces it from those and other authorities is because if one day is specified the defendant may still be indicted for the unlawful practice on any other day before or after this one; or if several days are, then for the unlawful practice on any other days before or after them: 1 Bish. Cr. Pr. note 3 to section 402, page 249; Citing *Com.* v. *Bray,* 13 Pick., 359, 364; *Com.* v. *Cain,* 14 Gray, 7; *Com.* v. *Armstrong,* 7 Gray, 49; *Com.* v. *Connors,* 116 Mass., 35; *Com.* v. *Keefe,* 7 Gray, 332.

The case of *Com.* v. *Connors,* is the authority upon which this court bases its decision holding segregation of the offense of unlawful cohabitation proper. The general

rule is that continuing offenses such as this cannot be cut into pieces each of the length of a day or other period of time, and a separate indictment or prosecution for each maintained: 1 Bish. Cr. Pr. note 3, section 402, page 249 and authorities cited in this brief *post.*

This court, however, having adopted the doctrine of segregation, which is peculiar to Massachusetts, the principle that the proof must be confined to the time alleged, which follows naturally and logically from it, should be also adopted.

If this be done, the prosecution by uniting the two counts in one indictment are enabled to get before the jury the conduct of the defendant during the period embraced in the first count in the consideration of the question of his guilt or innocence on the second, which they could not do if the separate counts were presented by separate indictments, or tried by different juries.

At the very least the court should have compelled an election by the prosecuting attorney when the motion was made to that effect by defendant, or when it became apparent that the purpose of uniting the two counts in the indictment was for the purpose of securing separate convictions and punishments and not for the purpose of meeting the proofs. It comes clearly within the rule laid down in the case of *United States* v. *Bennett,* 17 Blatchf., 357. Citing *Com.* v. *Birdsall,* 69 Penn., 482; S. C. 12 Myers' Fed. Dec. 2355.

But we claim the offense is not such as can be segregated The ruling in the Snow case upon that point is contrary to the great weight of authority and should be overruled. The offense is a continuous one and all the time defendant maintains that course of conduct necessary to constitute the offense prior and up to the commencement of the prosecution, constitutes but a single offense and can be punished but in a single prosecution: 1 Bish. Cr. Pro. note 3 to sec. 402, page 249; 2 Bish. Cr. Pro. 489; *State* v. *Lindley,* 14 Ind., 430; *U. S.* v. *McCormick,* 4 Cr. C. C., 104; S. C. 12 Myers' Fed. Dec., 1339.

To allow an offense of this character to be divided and subdivided in the discretion and at the will of a grand jury

and prosecuting attorney is to permit these officers to assume powers and functions legislative in their nature, to make "a law unto themselves" for each particular case. They may say the accused is guilty of a single offense or of a dozen or a hundred. Each indictment presented is a distinct act of legislation upon the part of the grand jury. There is no principle of law to guide them, no rule according to which they must act except that of their own arbitrary will. If this offense may be cut into pieces, like the polyp or the water worm, and each become an entire and complete thing, why may not the offense of, for instance, stealing gas or water through a series of months. A man taps the water or gas mains and conducts the water or gas by a private pipe to his house and uses it continuously for a period of several months or years as the case may be. This is held to be but a single offense: *Reg.* v. *Firth L. R.*, 1 C. C., 172; 11 Cox C. C., 234; S. C. Jac. Fish. Dig., 3333; 2 Bish. Cr. Law, 798; *Crepps* v. *Durden Smith's Leading Cases*, 1085.

Or for stealing ore from a mine by means of a single shaft made at one time, through a series of years, which is also held to be a single offense: *Rex.* v. *Bleasdale*, 2 C. & K., 765; S. C. Jac. Fish. Dig.

There would seem to be little, if any, difference in principle between these classes of offenses and the one at bar. Here the defendant is charged with having begun and persisted in a certain relationship with the women named in the indictment for a certain length of time. There is no break in his continuous course of conduct for a minute or a second. There is not an ending of the relationship, the mode of life, the course of conduct toward these women at any particular time and a beginning again subsequently, but his actions, the holding out of these women to the world as wives, continues without a break or an interruption flowing steadily hour after hour, day after day and year after year as the gas flows from the pipe or the ore from the mine, until arrested and brought to a close by the interposition of the strong arm of the law. The division into periods of time is purely artificial.

But, admitting that the offense may be segregated and

that the several counts may be united in the same indictment, can the court impose distinct punishments upon each count?

There is no statutory authority which either directly or by implication confers the power, so that we must look to the common law for the source of this power if it exists at all.

In England a distinct act of Parliament seems to have been necessary to confer the power to impose cumulative punishments. In the case of *Regina* v. *Cutbush*, 10 Cox Cr. Cas., 489; and *In re Paine*, 8 B. & S., 319; the defendant having been convicted of four distinct offenses and having been sentenced to three months imprisonment on three of the offenses and to three months additional upon the fourth to begin at the expiration of the first three months, Lord Cockburn, C. J., upon a *habeas corpus* proceeding said the cumulative sentences might be sustained by some degree of technical straining of the words of the Statute Vict. 11, 12 c. 43, sec. 25. It seems to be admitted that if it had not been for the statute cumulative sentences could not have been lawfully imposed. In the case of *The People, ex rel. Tweed* v. *Liscomb*, 60 N. Y., 559, the court reviews the English authorities at great length and comes to the conclusion that the power to impose cumulative punishments does not exist at common law.

There being no statute expressly authorizing it, nor any warrant in the common law, the power to impose cumulative punishments upon a single indictment, a single trial and a single verdict of conviction, constituting one single record, cannot be held to exist even under a statute authorizing the joinder of several offenses in one indictment: *People, ex rel. Tweed* v. *Liscomb*, 60 N. Y., 559, *et seq.* and particularly pp. 576-579, 581-588, 590-591, 587-599, 603-604. *U. S.* v. *Albro* Cir. Ct., No. Dis. N. Y. Opinion by Nelson, J., quoted 60 N. Y., 588; *U. S.* v. *Maguire*, 3 Cent. Law Jour., 273.

The hasty conclusions of certain elementary text writers and the opinions of perhaps a few of the courts of this country rendered without due consideration, based upon the supposed state of the common law, which the New

York court shows clearly not to exist, should not be sufficient to overturn a rule so just in principle and salutary in its application.

*Mr. W. H. Dickson,* for the respondent.

ZANE, C. J.:

The defendant was tried in the first district court on an indictment containing two counts, and convicted and sentenced to imprisonment and to pay a fine on each. From that judgment he has appealed to this court. The first count charges the defendant with unlawful cohabitation between the first day of January, 1884, and the thirteenth day of June, of the same year, with the three women named. And the second is for unlawful cohabitation with the same women between the last date above named and the thirty-first day of the following December. To both of these counts the defendant pleaded not guilty, and, before the jury was impaneled, moved the court to rule the prosecuting attorney to elect one count, and to go to trial upon that. The court overruled the motion; the defendant excepted, and now assigns that ruling as error.

The appellant, by his counsel, insists that cohabitation for the entire time of both periods constituted but one offense; that the grand jury had no legal right to divide the time, and charge two offenses. The crime of unlawful cohabitation consists in living or associating with more than one woman as their husband, apparently in the marriage relation—under the semblance thereof. The claim of the appellant's counsel rests upon the idea that the beginning and the continuation of the association are essential to the offense; that the mere continuance of the show of marriage is not sufficient. If a man should live with more than one woman as their husband during three years, it is claimed that in so doing he would commit but one offense. It is admitted, however, that if he were to cease to cohabit at the end of the first of the three years, and again live with them as their husband during the last of the three, he would thereby commit two crimes. Assuming the law

as claimed, the man who cohabits three years commits one crime, and is subject to one punishment only, while he who cohabits two years commits two crimes, and is subject to two punishments. According to this, the greater the cohabitation the less the punishment; the less the cohabitation the greater the punishment. The punishment is to the cohabitation in an inverse ratio.

Such a view furnishes no inducement to a man in polygamy, or in the practice of unlawful cohabitation, to reform. The language of the statute is: "If any male person * * * cohabits with more than one woman, he shall be deemed guilty," etc. The formation of polygamous relations, commencing to live with two or more women as wives is not indispensable to the crime. Such relations may have been formed. The unlawful association may have commenced long before the laws defining the crime took effect, as in the case of *U. S.* v. *Cannon,* ante p. 122 affirmed by the supreme court of the United States, 116 U. S., 55. Cases may be cited holding that the same grand jury can indict but for one offense where the crime may be a continuing one. In some of these a portion of the time of each of two counts of the indictment was covered by both. In others it appeared that the prosecuting witness was attempting to use the court to gratify his malice, or, for pecuniary gain, harassing and oppressing the defendant with a multiplicity of prosecutions and accumulated costs and fines. In other cases, the legislature, in describing the crime, had indicated an intention to include the acts constituting the inception of the offense as an essential element to it. The point under discussion was decided adversely to the appellant's views in the case of *U. S.* v. *Snow,* ante p. 295. To the same effect are the cases *Com.* v. *Connors,* 116 Mass., 35; *Morey* v. *Com.,* 108 Mass., 433.

It is also insisted that it was unjust and oppressive, and greatly to the disadvantage of the defendant, to put him upon trial on both counts before the same jury; that in considering the question of his guilt upon one they would be influenced by the evidence under the other. But the courts have held that in a trial on a single charge evidence

tending to prove the defendant's relations to the women before and after the time mentioned in the indictment should go to the jury, to be considered with the evidence for and against him between the dates named, for the purpose of aiding them in determining the character of his association between the dates; that it is proper for the jury to know his feelings, disposition and habits towards them before and after the time of the offense, as well as during the time; that such facts shed light upon the conduct complained of; so that defendant was placed at no disadvantage by being tried on both charges before the same jury.

The court sentenced the defendant to distinct punishments on each count. To this the appellant objected and excepted, and now assigns the same as error. The respondent relies on section 1024, Rev. St. U. S.: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and, if two or more indictments are found in such case, the court may order them to be consolidated." This section provides that when two or more crimes are charged of the same class, which can be properly joined, they may be included in the same indictment in separate counts; and in such case, if two or more indictments are found, the court may order them consolidated. While this section may authorize different descriptions of the same offense in separate counts of the same indictment, in order to prevent a fatal variance, the intent to authorize the joinder of separate crimes in different counts of the same indictment is apparent. Such joinder prevents the trouble, delay, and cost of more than one trial. The delay, cost, and harassment of several prosecutions on a number of indictments are often almost as oppressive as the punishment imposed. The object of uniting offenses of the same class, or of ordering the consolidation of different indictments, is not to prevent the punishment of the offender

for more than one offense. But such would be the effect if punishment could not be inflicted on the separate counts. The same class of conduct constitutes the two misdemeanors charged in this indictment, and they could be properly united. The provisions of the section quoted are not new so far as it relates to misdemeanors. "Two or more misdemeanors, growing out of separate and distinct transactions, may, according to the doctrine which appears to prevail everywhere, be joined in the same indictment when embraced in different counts. It is not easy to say precisely what is the limit of this doctrine, except that the judge will exercise at least his supervision to the extent of protecting the prisoner from being prejudiced in his rights of defense. Where a statute makes it a misdemeanor to sell intoxicating liquor without a license, and imposes a fine for each sale, several counts for distinct sales may be joined in one indictment, and the accumulated penalty imposed:" Bish. Crim. Proc. (2d Ed.) sec. 452; *Martin* v. *People*, 76 Ill., 499.

The law as stated by Bishop is the prevailing doctrine in England and in those states of this country where a different rule is not provided by statute. The ancient common law was otherwise; and a few recent cases in this country may be found to the contrary. The leading case so holding is that of *People* v. *Liscomb*, 60 N. Y., 559. In that case the relator was tried upon an indictment containing 220 distinct counts, and convicted on 204. He was sentenced to twelve successive full terms of imprisonment of one year each, and fines of $250 each; upon other counts, two additional fines, amounting in all to $12,500. The appellate court held that he could not be sentenced on but one count. This was a hard case; and furnishes a precedent contrary to the weight of authority. Where there are several charges in different counts of an indictment against the same person for the same act or transaction, but one punishment could be imposed; but, where the acts or transactions are different, and constitute different offenses, and belong to the same class, and may be properly joined, separate punishments may be imposed on each count. The case of *Ex parte Hibbs*, 26 Fed. Rep., 421, of the date

of March 16, which is a carefully considered decision by Judge Deady, expressly rules this point.

It was also argued that the trial of the defendant for two offenses before the same jury deprived him of the benefit of three peremptory challenges. It is conceded that the defendant was not deprived of any challenge for implied or actual bias, or for any sufficient cause. He had three peremptory challenges in selecting a jury of twelve men. If a separate trial on each count had been given him, he would have had no more. It is true he would have had the right to challenge six men in selecting two juries; but then there would have been but three challenges for each fifteen qualified jurors, and the defendant was as likely to secure twelve good jurors with three peremptory challenges in one trial as twenty-four with six such challenges in two trials. The end sought by peremptory challenges, as well as for cause, is intelligent, fair and impartial jurors.

The appellant also objects to Philip Grill as a juror, because it was alleged that the evidence did not show that he was a citizen of the United States. It does not appear from the record that the defendant exhausted his peremptory challenges, nor does it appear that the record contains all the evidence touching the citizenship of the juror. The evidence heard by the court satisfied it that the juror was a citizen. We must therefore presume that the evidence heard was sufficient to justify the finding of the court.

We find no error in this record, and therefore affirm the judgment of the court below.

BOREMAN, J., and POWERS, J., concurred.