COMMONWEALTH *vs.* MICHAEL W. DUNSTER.

Worcester.    October 3. — 19, 1887.    C. ALLEN & KNOWLTON, JJ.,
absent.

A conviction on a complaint for keeping and maintaining a tenement for the illegal sale and illegal keeping of intoxicating liquors from August 1 to October 4, is a bar to a complaint for keeping the same tenement for the same purpose from May 1 to November 17 of the same year; and the government has no authority to enter a *nolle prosequi* as to so much of the offence as is charged in the second complaint to have been committed prior to October 5.

MORTON, C. J. This is a complaint to the Central District Court of Worcester, which charges that the defendant, " on the first day of May in the year eighteen hundred and eighty-six, at Worcester in said county, and on divers other days and times between that day and the seventeenth day of November in the year eighteen hundred and eighty-six, did keep and maintain a certain tenement there situate, then and there used for the illegal sale and for the illegal keeping of intoxicating liquors."

The defendant was convicted in the district court, and appealed to the Superior Court. In the latter court, before empanelling the jury, the district attorney indorsed on the back of the complaint the following : " Now before the empanelling

of the jury I 'noll. pros.' so much of the within complaint as alleges any offence or unlawful act prior to October 5, 1886." The defendant objected to the district attorney's right to do this, and afterwards filed a plea in bar, setting up a former conviction under a complaint charging him with keeping and maintaining the same tenement from the first day of August, 1886, to the fourth day of October, 1886.

It is too clear to admit of any doubt, that the defendant's former conviction was a bar to the present complaint as it stood in the district court, as the complaint in this case embraced a portion of the time covered by the former complaint, and both complaints might be proved by the same evidence.

The question is whether the district attorney, after the case was entered in the Superior Court, could avoid the effect of the former conviction as a bar by entering a *nolle prosequi* in the manner attempted in this case.

Where a complaint or indictment contains several counts, each charging an offence, it is within the power of the prosecuting officer, before the jury are empanelled, to enter a *nolle prosequi* as to either count. So, where two offences are improperly charged in one count, he may enter a *nolle prosequi* as to one of them, and where, as in the exceptional case of burglary, both breaking and entering with intent to steal and larceny are properly charged in one count, he may enter a *nolle prosequi* as to either of the charges. And, generally, where an offence is set out with aggravating circumstances, which enlarge the offence, he may enter a *nolle prosequi* as to the aggravation, and obtain a conviction for the lesser offence which is well charged. *Commonwealth* v. *M'Monagle*, 1 Mass. 517. *Commonwealth* v. *Briggs*, 7 Pick. 177. *Commonwealth* v. *Tuck*, 20 Pick. 356. *Commonwealth* v. *Jenks*, 1 Gray, 490. *Commonwealth* v. *Mead*, 10 Allen, 396. *Commonwealth* v. *Cain*, 102 Mass. 487. *Jennings* v. *Commonwealth*, 105 Mass. 586. *Commonwealth* v. *Holmes*, 119 Mass. 195.

But, in all these cases, the matter upon which the *nolle prosequi* operates is a distinct and independent charge, and, when entered, the *nolle prosequi* leaves an offence formally as well as substantially charged, being the same offence which is formally charged in the original complaint or indictment. The

prosecuting officer cannot, by means of a *nolle prosequi*, put the defendant upon trial for an offence differing from any offence with which he is formally charged in the complaint or indictment.

The difficulty in this case is, that there is no distinct offence alleged upon which the *nolle prosequi* can operate, and yet leave an offence sufficiently charged in the complaint upon which the defendant can be convicted. The offence charged in the complaint, of maintaining a tenement used for the illegal sale and the illegal keeping for sale of intoxicating liquors from the first day of May, 1886, to the seventeenth day of November, 1886, is a single and indivisible offence, of which the time alleged is an essential element. This is the offence, and the only offence, for which the defendant was tried in the district court.

As we have said, the allegation of time is material; it operates not only to limit the testimony to acts within the time named, but also to protect the defendant from any future prosecution for his acts within the time alleged. It is not competent for the prosecuting officer, by entering a *nolle prosequi* as to a part, to amend a complaint in the material allegation of time; by so doing, he puts the defendant to trial upon an offence differing legally from that for which he was tried in the district court, and from the offence which is " fully and plainly, substantially and formally," described in the complaint which is before the Superior Court upon appeal.

In *Commonwealth* v. *Robinson*, 126 Mass. 259, the defendant was complained of for keeping a tenement used for the illegal sale of intoxicating liquors from January 1, 1878, to August 20 of the same year. He filed a plea of an acquittal upon a complaint for keeping the same tenement for the same purpose from January 1 to May 28 of the same year. This court held that such acquittal was a bar, although the Superior Court confined the government to proof of acts subsequent to May 28, and prior to August 20. The prosecuting officer did not in that case enter a *nolle prosequi*, and in this respect the case differs from the case before us ; but the principles upon which it proceeds are applicable, and seem to us to be conclusive of this case. The former conviction is a bar to the whole of the offence set out in the complaint; the prosecuting officer cannot defeat this

defence by entering a *nolle prosequi* as to a part of the offence, any more than he can do so by confining his proofs to facts not included in the former complaint.

*Exceptions sustained.*

*J. E. Sullivan*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.