## COMMONWEALTH *vs.* JOSEPH CARNEY.

Middlesex.     November 24, 1890. — January 6, 1891.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & MORTON, JJ.

*Police Court — Place of Holding — Record — Common Nuisance — Evidence.*

The Police Court of Newton was established under the special act of St. 1876, c. 195, which provided that the court should be held at the city hall, and also incorporated the general laws regulating the jurisdiction and sessions of such courts contained in the Gen. Sts. c. 116. Afterwards this court was expressly mentioned in the corresponding chapter (c. 154) of the Public Statutes. *Held,* that the record of a conviction in that court need not show that the court was held at the city hall.

On a complaint under the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance on a day named and divers other days between that day and the day of making the complaint, evidence of what took place on the day last named is admissible to show the intent with which the liquors were kept during the time included in the complaint.

COMPLAINT, made on October 8, 1889, to the Police Court of Newton, alleging that the defendant, at Newton, on April 8, 1889, and on "divers other days and times between said last mentioned day and the day of making this complaint," unlawfully did keep and maintain a common nuisance, to wit, a tenement then and there used for the illegal sale and illegal keeping of intoxicating liquors. The record of the police court, transmitted to the Superior Court on appeal, recited that "at the Police Court of Newton in the district of Newton in the county of Middlesex," with no further recital as to the place where such court was held, the defendant was tried, found guilty, and sentenced, and duly appealed to the Superior Court. In the Superior Court,

before the jury were impanelled, the defendant moved to quash and dismiss the complaint, " for that the record of said case does not show that the court has any jurisdiction thereof, it not appearing by said record that the Police Court of Newton in which said case was tried was held when and where said case was tried therein at any place provided by law for holding the same, it not appearing that said trial was at a session of said court holden at the city hall in Newton, in the county of Middlesex." *Bishop*, J., overruled the motion.

At the trial, it appeared in evidence that the premises were used for the illegal sale and the illegal keeping of intoxicating liquor during the period alleged in the complaint, and before October 8, 1889. The government also offered evidence that on the day last named, after an ineffective search of the premises for liquors, and after the subsequent making of the complaint and the issue of the warrant, the defendant delivered to the officers who had made the search certain liquor which he had concealed in a safe on the premises. The defendant's counsel objected to the evidence thus offered, but the judge overruled the objection and admitted the evidence; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. N. Allin & G. L. Mayberry*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

HOLMES, J.    1. The provision in the act establishing the Police Court of Newton, that " the court shall be held at the city hall in Newton, every day except " etc., for criminal business, does not make the jurisdiction of the court dependent upon its being held at the city hall. St. 1876, c. 195, § 5. Section 1 of this statute incorporated the Gen. Sts. c. 116, regulating the jurisdiction and sessions of police courts; and now the Police Court of Newton is one of the courts expressly mentioned in the corresponding chapter (c. 154, § 1) of the Public Statutes. By the Pub. Sts. c. 154, § 23, each court " shall be held in the court-house, or in any other suitable place within the district which the district or county may provide, and may be adjourned from time to time as occasion requires to the same or any other place in the district provided by the district or county as afore-

said." Gen. Sts. c. 116, § 20. This provision makes it unnecessary for the record to show at what place in the judicial district of Newton the court was held, and we need not consider whether otherwise we should follow the strict rule laid down in some cases. *Bob* v. *State*, 7 Humph. 129. *Carpenter* v. *State*, 4 How. (Miss.) 163, 168. See *Commonwealth* v. *Hogan*, 113 Mass. 7; *West* v. *State*, 2 Zabr. 212; 4 Hawk. P. C. c. 25, § 128. The motion to dismiss was properly overruled.

2. The complaint alleges that the defendant kept and maintained a common nuisance on April 8, and on divers other days between that day and the day of making the complaint, which was October 8, 1889. Evidence of what took place on October 8 was admissible to show the intent with which liquors were kept during the time included in the complaint. *Commonwealth* v. *Matthews*, 129 Mass. 487.          *Exceptions overruled.*

---

## MEMORANDUM.

ON the seventh day of January, 1891, the Honorable CHARLES DEVENS died at his residence in Boston, having held the office of an Associate Justice of this Court from the third day of October, 1873, to the twelfth day of March, 1877, and, by reappointment, since the eighteenth day of April, 1881.