COMMONWEALTH *vs.* ANASTASE GOULET.

Plymouth.    October 17, 1893. — January 2, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Complaint — Plea of former Acquittal — Bar — Indivisible Offence.*

The acquittal on a complaint for unlawfully exposing intoxicating liquors for sale on July 1, 1892, and on divers days and times between that day and November 21, 1892, is a bar to a complaint for a similar offence on November 20, 1892, and it is immaterial that the first complaint was received and sworn to on November 20, and that at the trial the presiding justice, at the request of the defendant, excluded any evidence concerning November 20.

COMPLAINT, for unlawfully exposing intoxicating liquors for sale on November 20, 1892. Trial in the Superior Court, before *Sherman*, J., who overruled the defendant's plea of former acquittal, and reported the case for the determination of this court. If the judge erred in not sustaining the plea of former acquittal, the verdict was to be set aside; otherwise, it was to stand.

*J. J. Dowd,* for the defendant.

*R. O. Harris,* District Attorney, for the Commonwealth.

HOLMES, J.  The present complaint is for unlawfully expos-ing intoxicating liquors for sale on November 20, 1892.  The defendant has been acquitted on a former complaint for a similar offence alleged as committed on July 1, 1892, and on divers days and times between that day and November 21, 1892.  On the face of it the last mentioned complaint excludes November 21;  (*Commonwealth* v. *Connors,* 116 Mass. 35; *Commonwealth* v. *Robinson,* 126 Mass. 259, 264; *Commonwealth* v. *Moore,* 147 Mass. 528; *Commonwealth* v. *Carney,* 152 Mass. 566, 568;) but includes every moment of November 20, and therefore the acquit-tal upon it is a bar to the one before us, inasmuch as it is a bar in respect of the whole of the offence set out in the complaint. *Commonwealth* v. *Dunster,* 145 Mass. 101, 103.

It appears, however, that the former complaint was received and sworn to on November 20, and it is urged as a consequence that the complaint was bad, as alleging an indivisible offence continuing after the filing of the complaint.  *Commonwealth* v. *Le Clair,* 147 Mass. 539, 540.  The court are not disposed to distinguish that case, but the objection is met by Pub. Sts. c. 200, § 6, that " no person shall be held to answer on a second indict-ment for an offence of which he has been acquitted by a jury upon the facts and merits; but such acquittal may be pleaded by him in bar of any subsequent prosecution for the same of-fence, notwithstanding any defect in .the form or substance of the indictment on which he was acquitted."  The word indict-ment in this statute includes complaint.  *Commonwealth* v. *Gillon,* 2 Allen, 502.

It was agreed at the trial of this case, that at the trial of the former one the presiding justice, at the request of the defend-ant, excluded any evidence against the defendant concerning November 20, but that makes no difference.  The offence charged was an indivisible offence, and the defendant was acquitted of the whole of it.  *Commonwealth* v. *Robinson,* 126 Mass. 259, 263. *Commonwealth* v. *Dunster,* 145 Mass. 101.  *Commonwealth* v. *Le Clair,* 147 Mass. 539, 540.

*Verdict set aside.*