STATE vs. ROBERT BROWNRIGG.

Waldo.    Opinion May 7, 1895.

</div>

<div align="center">*Pleading.    Indictment.    Date.    Prior Conviction.*</div>

At the April Term, 1894, of this court for Waldo county, the defendant was indicted for keeping a common nuisance, on the 17th day of October, 1893, and on divers other days and times between that day and the day of the finding of the indictment. He seasonably pleaded in bar a previous conviction of the same offense, and offered in evidence the records of the court, showing that at the October term, 1893, of the court for the same county, he was indicted for keeping a common nuisance at the same place, on the 1st day of May, 1893, and on divers other days and times between that day and the finding of that indictment, and a conviction, judgment and sentence under this last indictment. The October Term, 1893, of the court commenced upon the 17th day of October; the indictment, found at that term, was reported to the court upon the 31st day of October.

*Held*; that the day of the finding of an indictment by a grand jury, is the day when the indictment is returned and presented to the court.

The test is not what facts were offered in evidence in the trial upon the first indictment, but, from the record, what facts might have been proved under that indictment, and whether the same facts if proved under the last indictment would warrant a conviction.

In a trial upon the indictment found at the October Term, 1893, the State might have proved that the defendant kept and maintained a common nuisance between the seventeenth and the thirty-first days of October, 1893. In a trial upon the present indictment the same evidence. confined to the same period of time, would warrant a conviction for the same offense.

*Held*; that the records of the court, introduced by the defendant, under his plea in bar, show that he had previously been convicted of the same offense.

ON EXCEPTIONS.

The defendant was indicted for keeping a common nuisance and filed in bar a plea of former conviction which was overruled, and he thereupon took exceptions.

The case is stated in the opinion.

*W. T. C. Runnells*, County Attorney, for State.

*Joseph Williamson, Jr.*, for defendant.

SITTING : PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J.   At the April Term, 1894, of this Court for Waldo county, the defendant was indicted for keeping a common nuisance " on the seventeenth day of October, in the year of our Lord one thousand eight hundred and ninety-three and on divers other days and times between that day and the day of the finding of this indictment."

The defendant seasonably pleaded in bar a previous conviction of the same offense, and offered in evidence the records of the Court showing that at the October Term, 1893, of the Court, for the same county, he was indicted for keeping a common nuisance at the same place " on the first day of May, in the year of our Lord one thousand eight hundred and ninety-three, and on divers other days and times between that day and the finding of this indictment." And a conviction, judgment and sentence under this indictment.

The October Term, 1893, for Waldo county, commenced on the third Tuesday, the seventeenth day of October. It was further shown by a certificate of the clerk that this indictment was reported to the court by the grand jury on the 31st day of October. The justice presiding ruled *pro forma* that these facts did not sustain the plea.

The indictment, relied upon by the defendant, alleges the commission of the offense upon a particular day and on divers other days and times between that day and the day of the finding of the indictment.

The first question therefore is what is the day of the finding of an indictment. Although it is usual to entitle the caption of an indictment as of the first day of the term, this day cannot be regarded as of the day of the finding, because, among other reasons, it is well settled that a grand jury may consider and find an indictment for an offense committed after that date but before the finding of the indictment. *Commonwealth* v. *Hines*, 101 Mass. 33.

If the first day of a term should be considered as the day of the finding, there would be presented the inconsistency of a finding by a grand jury of the commission of an offense subsequent to the time of the finding.

The date of the finding of an indictment should be one that is capable of being definitely ascertained. The present case is an illustration of the necessity of this. We have already seen that that cannot be the first day of the term although that is ordinarily the date of the caption. The only other day that can at all times be definitely and accurately ascertained is the date of the return and presentment of the particular indictment to the court. We are satisfied, therefore, that the day of the finding must be the day when the indictment is returned and presented to the court.

This being so, the allegation in the October term indictment is in effect the commission of a continuing offense on the first day of May, 1893, and on various other days and times between that day and the thirty-first day of October, 1893. The indictment in this case covers the period between the seventeenth day of October and the thirty-first day of October, 1893, as well as the time after the last date up to the finding of the present indictment at the April Term, 1894, and the question is whether a conviction under the first is a bar to the second.

We think it unquestionably is, both upon principle and authority. The test is not what facts were offered in evidence

in the trial upon the first indictment, but from the record what facts might have been proved under that indictment and whether the same facts if proved under this indictment would warrant a conviction. In a trial upon the first indictment the State might have proved that the respondent kept a common nuisance between the seventeenth and the thirty-first days of October, 1893. In a trial upon the present indictment the same evidence, confined to the same period of time, would warrant a conviction for the same offense.

The plea in bar, therefore, was good and the facts therein set out were proved by the records of this court. The Massachusetts court has come to the same conclusion in *Commonwealth* v. *Robinson*, 126 Mass. 259; and *Commonwealth* v. *Dunster*, 145 Mass. 101.

There are two other cases against the same defendant, in which precisely the same question is presented, and in each of the cases the entry will be,

*Exceptions sustained.*