STATE OF IOWA, Appellee, v. HERMAN REINHARD, Appellant.

CRIMINAL LAW: Former Jeopardy—Nuisance—Acquittal—Subsequent
1  Overlapping Charge. When the State bases an indictment for nuisance on a series of acts occurring during a specified period of time, it thereby segregates such acts from all subsequent acts, and irrevocably identifies and stamps said acts as one complete offense; and if it suffers an acquittal, it may not thereafter maintain an indictment based (1) on said segregated acts and (2) on *other acts subsequent thereto;* and the exclusion of said segregated acts on the trial of the last indictment will not avoid the bar resulting from the first acquittal. (See Book of Anno., Vol. 1, Art. I, Sec. 12, Const., Anno. 26 *et seq.*; Secs. 13807, 13808.)

INDICTMENT AND INFORMATION: Duplicity—Objection Revealed
2  by Testimony. An indictment may (speaking by way of argument) be duplicitous, and yet not reveal such fact on the face of the indictment.

CRIMINAL LAW: Former Acquittal—Timely Objection. The duty to
3  object to an indictment in matters of "substance and form" before the jury is sworn (Sec. 13791, Code of 1924), does not apply when a

demurrer will not lie because the objection—former acquittal—does not appear on the face of the indictment, and is revealed only by the testimony introduced on the trial.

Headnote 1:  16 C. J. p 268.  Headnote 2: 31 C. J. p. 758 (Anno.)
Headnote 3:  16 C. J. p. 419; 31 C. J. p. 795.

*Appeal from Clayton District Court.*—H. E. TAYLOR, Judge.

### JUNE 21, 1926.

The defendant was charged by indictment with maintaining a liquor nuisance in Clayton County. There was a plea of not guilty and of former jeopardy and acquittal. A verdict of guilty was rendered, and judgment entered thereon. The defendant appeals.—*Reversed.*

*Alex Holmes,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

EVANS, J.—I. The indictment under which the defendant was prosecuted, was returned on February 25, 1925. It charged the offense as having been committed between the 20th day of August, 1924, and the 25th day of February, 1925. It was made to appear by the evidence that, on October 15, 1924, the defendant was indicted by the grand jury of the same county for a like offense, alleged to have been committed between the 19th day of September and the 15th day of October, 1924. On February 17, 1925, such indictment was dismissed, upon recommendation of the county attorney. The plea of former jeopardy and acquittal is predicated upon this former indictment. It appears from the record that the State used the same evidence before the grand jury in obtaining the last indictment that it had used in obtaining the first indictment, as regards the period of time antedating October 15, 1924. The question presented at this point for our consideration is whether the overlapping time included in the last indictment by specific dates, renders the plea of former jeopardy available to the defendant in bar of further prosecution under such indictment. We have never hitherto

*(margin note: 1. CRIMINAL LAW: former jeopardy: nuisance: acquittal: subsequent overlapping charge.)*

had occasion to pass upon the precise question thus presented. In *State v. McAninch*, 172 Iowa 96, a kindred question was very fully considered. The question here presented was incidentally considered in that case, by way of differentiation, and authorities touching the question were extensively reviewed. Though the plea of former jeopardy in that case was rejected, yet its differentiations tend to support the contention of the defendant herein. The authorities from other jurisdictions cited in the opinion give direct support to the defendant's present contention. See *Commonwealth v. Dunster*, 145 Mass. 101 (13 N. E. 350) ; *Commonwealth v. Robinson*, 126 Mass. 259; *State v. Brownrigg*, 87 Me. 500 (33 Atl. 11). We think it must be conceded that the weight of authority and reason sustains the defendant's plea of former jeopardy, as interposed herein.

The evidence introduced in the first instance covered the period preceding the first indictment, as well as the period subsequent to the date thereof. The evidence relating to the first period was more significant and weighty than that pertaining to the second, and was sufficient to have supported a conviction under the second indictment.

The trial court recognized the merit of the plea of former jeopardy to the extent of the period of time covered by the first indictment. It therefore excluded from the consideration of the jury the evidence covering such prior period. We are confronted, therefore, with the further question whether such segregation and exclusion of evidence cured the infirmity of the prosecution and avoided the plea of former jeopardy. There was no amendment of the indictment. It is not necessary, therefore, for us to determine whether there could have been an amendment. The effect of the ruling of the court was to put the defendant upon trial upon an amended indictment. We think it sufficient at this point to say that the evidence thus excluded by the court was a large and substantial part of the evidence which was produced before the grand jury, and upon which the grand jury acted. It cannot be known that the grand jury would have returned an indictment at all, if such evidence had been withheld from its consideration. Nor can we see any fair reason why so obvious a violation of the defendant's rights should be cured so perfunctorily. The dismissal of the first indictment operated, under the law, as the equivalent of an acquittal, and

became a complete bar to further prosecution for the alleged offense of nuisance committed prior to October 14, 1924. Section 14027, Code of 1924.

If, for the purpose of an indictment, the State, in its prosecution, may ignore this statute, and may use the same evidence, with additional later evidence, to procure a new indictment, without incurring other disadvantage than to have the evidence excluded upon the trial, it nullifies the statute, at least in part, and results in manifest unfairness of procedure. We can conceive of no legitimate reason why a prosecuting official should be aided or encouraged thus to transcend the statute. This feature of the indictment is not the result of mere error or inadvertence. It is a direct challenge to the statute,—a reassertion of guilt notwithstanding the dismissal; and its only possible function is to press the former acquittal as a reason for present conviction.

It is fundamental that only one offense may be charged in a single count in an indictment. Section 13737, Code of 1924. The indictment fixes the identity of the offense as one and indi-

2. INDICTMENT AND INFORMATION: duplicity: objection revealed by testimony.

visible. And this is so even though the offense be a continuing one, such as the maintenance of a nuisance, and though it be evidenced by a series of acts, extending over a period of time. A continuing offense, such as the maintenance of a nuisance, may have, so to speak, shifting boundaries of time; but the continuity of such an offense may be interrupted by an indictment, and a specific offense may be defined therein by specific dates. A continuing offense, thus defined, becomes segregated from after events, and becomes identified as a complete and single offense. Whether the result of the indictment be a conviction or an acquittal, the identity of the offense as one complete offense is never lost; nor can it ever afterwards be merged into after events, or into a subsequent continuance of the offense so as to become a part thereof. The offense charged and defined in the first indictment was likewise charged in the second indictment now before us. If it be assumed that the second indictment also charged a complete offense against the defendant as having been committed *subsequent* to the date of the first indictment, then, to say the least, the indictment becomes bad for duplicity. The fact that the duplicity does not appear upon the face of the indictment may not operate to deprive the defendant of his

statutory right.   In *Commonwealth v. Robinson*, 126 Mass. 259, the trial court attempted to meet the plea of former jeopardy by confining the State to evidence of facts transpiring subsequent to the period of the first indictment, as was done by the trial court in the instant case; but it was held on appeal that the plea was not thereby met.   In *Commonwealth v. Dunster*, 145 Mass. 101 (13 N. E. 350), the prosecuting attorney attempted to meet such plea by dismissing the prosecution as to all acts covered by a previous indictment.   It was held on appeal that this could not defeat the bar of prior jeopardy.   The holding in the foregoing cases was put upon the broad ground that the identity of the offense charged in the indictment could not be thus changed. We have many statutory provisions which are intended to cure inadvertent and formal defects in an indictment, and others which provide for amendments, for a like purpose; but we have no statute of forgiveness for the sin of an indictment which charges the defendant with the identical offense of which he has once been acquitted, under previous indictment.   Nor has the court any legitimate power to relieve the prosecution from the consequences of an act which has no justification or excuse in its origin.

II.   It is contended by the State that the defendant waived his plea of former jeopardy by failing to raise it before trial, and before the jury was impaneled.   Reliance is had upon Section 13791, Code of 1924, as follows:

"All objections to the indictment relating to matters of substance and form which might be raised by demurrer shall be deemed waived if not so raised by the defendant before the jury is sworn on the trial of the case."

This statute fails to reach the difficulty.   The indictment was good on its face, and was not vulnerable to a demurrer.   It charged the maintenance of a nuisance in Clayton County, but did not otherwise describe the place thereof.

3. CRIMINAL LAW: former acquittal: timely objection.

The same thing was true of the first indictment. Manifestly, the defendant could have been guilty of maintaining more than one nuisance at the same time and in the same county.   The identity of the offense charged in each indictment, and the fact that both indictments had reference to the same offense, were not disclosed in the mere language of either or both indictments.   The duplicity of the offense was

disclosed by the evidence upon the trial. Upon such disclosure, the defendant interposed his plea of former jeopardy and acquittal.

*State v. Costello,* 200 Iowa 313, is relied on by the State in support of its contention of waiver. It is not to the point. In that case the alleged defect in the indictment was apparent upon its face. The validity of the objection to the indictment was in no degree dependent upon extraneous evidence. The trial court herein accepted the plea, and sought to meet it by the exclusion of evidence. We see no legitimate reason for saying that the plea was not properly interposed. No waiver is shown.

It is our opinion that, by presenting evidence to the grand jury of the offense covered by the previous indictment, and by obtaining the return of an indictment covering such offense, notwithstanding that it covered also a later continuation of such offense, the prosecution thereby subjected the indictment to the plea of former jeopardy and acquittal. The previous indictment was in all respects valid. It was dismissed by the court upon the application of the county attorney, pursuant to the provisions of Section 14027, Code of 1924. This statute provides expressly:

"Such a dismissal is a bar to another prosecution for the same offense if it is a misdemeanor."

This statute is quite conclusive against the State at this point. We have no occasion to consider other alleged errors.

The judgment below is, accordingly, reversed.—*Reversed.*

DE GRAFF, C. J., and STEVENS and ALBERT, JJ., concur.