### Commonwealth *vs.* Martin Dressel.

On appeal from a judgment of a trial justice upon a complaint for unlawfully selling intoxicating liquors, the defendant was tried and convicted upon a certified copy of the complaint, which alleged a sale on a different day from that alleged in the original complaint; after verdict, the copy was amended to conform with the original complaint. *Held,* that the verdict should be set aside and a new trial ordered.

Complaint to a trial justice for the illegal keeping of intoxicating liquor on March 28, 1872. The defendant was convicted and appealed. At the trial on appeal in the Superior Court, before *Dewey,* J., the certified copy of the complaint sent by the trial justice alleged the keeping of the liquor on March 28, 1870. The jury returned a verdict of guilty; the trial justice then came in and desired to amend his copy of the record by changing 1870 into 1872; and the amendment was allowed against the objection of the defendant, who alleged exceptions.

No counsel appeared for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

By the Court. That the exceptions must be sustained is settled by the case of *Commonwealth* v. *Phelps,* 11 Gray, 72. That a new trial is proper is settled by *Commonwealth* v. *Doty,* 2 Met. 18. *Exceptions sustained; new trial ordered.*