COMMONWEALTH *vs.* EDWARD GALLIGAN, 3D.

The question whether words in a copy of a record of an inferior court transmitted to the Superior Court have been erased, is to be determined by the Superior Court upon inspection; and its decision thereon cannot be revised by this court.

The allegation of time in the copy of a complaint for the maintenance of a nuisance, transmitted upon appeal from an inferior court to the Superior Court, was, "On the 1st of March and on divers other days between that day and the 21st of June;" while the accompanying copy of the record stated that the defendant was tried on a complaint alleging that on March 1 he maintained a nuisance. Upon a motion in arrest of judgment, *Held*, that the jurisdiction of the Superior Court was limited to the case which by the transmitted papers was shown to have been tried in the inferior court; that, as the discrepancy in the papers affected the jurisdiction of the court, advantage of it could be

taken by a motion in arrest of judgment; but that, as the copy of the record, if errone ous, could be amended and another trial had, judgment was not to be arrested and the defendant discharged, but the verdict must be set aside.

COMPLAINT to the Municipal Court of Taunton under Gen. Sts. c. 87, § 7, for keeping and maintaining a tenement used for the illegal keeping and sale of intoxicating liquors.

The copy of the complaint transmitted to the Superior Court alleged the offence to have been committed " on the first day of March, in the year of our Lord one thousand eight hundred and seventy-three, and on divers other days and times between that day and the twenty-first day of June, in the year eighteen hundred and seventy-three."

The material portion of the copy of the record of the Municipal Court transmitted to the Superior Court was, except as hereafter stated, as follows :

" Be it remembered, that on the day and year aforesaid, Edward Galligan, of Taunton, in the county of Bristol, was brought before said court by virtue of a warrant duly issued, to answer to the Commonwealth, on the complaint, under oath, of Kilburn R. Clifford, of said Taunton, setting forth that said defendant, at Taunton aforesaid, on the first day of March, in the year of our Lord one thousand eight hundred and seventy-three, did keep and maintain a liq. nuisance, as further appears by said complaint, against the peace of the Commonwealth, and contrary to the orm of the statute in such cases made and provided.

" Which complaint being read to the said defendant and he being asked by the court whether he is guilty or not guilty of the offence therein charged, pleads and says that he is not guilty and waives examination. Whereupon, after a full hearing and examination in said case, it is ordered by said court that said d'f't recognize with $200 surety of his appearance S. C. Sept. term, 1873, is guilty.

" It is therefore considered and ordered by said court, that said defendant, for the offence aforesaid, pay a fine of fifty dollars to the use of the county of Bristol, and costs of prosecution, taxed at five dollars and fifteen cents, and that he stand committed till said sentence be performed be committed to the house of cor•

rection in New Bedford, in said county, there to be kept and governed according to law and the rules of said house, for a term of

"From which sentence the said Galligan appeals to the Superior Court, next to be holden at Taunton, within and for the county of Bristol, on the second Monday of September next, and recognizes with sufficient sureties in the sum of three dollars, to prosecute said appeal there as the law directs."

An ink line had been drawn through the words, abbreviations and figures "recognize with $200 surety of his appearance S. C. Sept. term, 1873," in the last sentence of the second paragraph, and across the two last paragraphs a diagonal ink line had been drawn.

In the Superior Court, after a verdict of guilty, the defendant filed the following motion in arrest of judgment :

"And now after verdict of guilty, and before judgment, the defendant comes and moves in arrest of judgment, because he says it does not appear by the record that this court had jurisdiction of the case ; in that the only record of a judgment of the Municipal Court of Taunton against the defendant in this court, shows a judgment, "on the complaint, under oath, of Kilburn R. Clifford of said Taunton, setting forth that said defendant at Taunton aforesaid, on the first day of March, in the year of our Lord one thousand eight hundred and seventy-three, did keep and maintain a liq. nuisance, as further appears by said complaint." And this is apparent by the record of the judgment which is made a part of this motion.

"And he says it does not sufficiently appear by the record that any judgment was rendered in the Municipal Court of Taunton upon any complaint on which the defendant was tried and convicted.

"And he further says that said paper purporting to be a copy of the record of the proceedings in the Municipal Court, if it ever contained a statement of the judgment of said court upon finding the defendant guilty, has been erased, as appears by inspection of the papers."

This motion was overruled by *Pitman, J.*, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The jurisdiction of the Superior Court in th's case, being appellate only, is limited to the same accusation which appears, by the papers transmitted to it by the court to which the complaint was originally presented, to have been tried and decided in that court. Gen. Sts. *c.* 173, § 3. *Commonwealth* v. *Doty*, 2 Met. 18. *Commonwealth* v. *Burns*, 8 Gray, 482. *Commonwealth* v. *Phelps*, 11 Gray, 72.

The question, whether the line drawn across that part of the record of the Municipal Court, which set forth its judgment, constituted an erasure, was a question of fact, to be determined upon inspection of the paper, the decision of the Superior Court upon which cannot be revised by this court. *Commonwealth* v. *Davis*, 11 Gray, 4.

But the record of the Municipal Court, according to the copy filed in the Superior Court, does not sufficiently identify the complaint on which the defendant was tried in the Municipal Court; for it describes the complaint as alleging that the defendant kept and maintained a nuisance on the first day of March, 1873 ; whereas the complaint further charges him with keeping and maintaining the same nuisance on divers other days between that day and the twenty-first day of June, 1873. The offence being of a continuing character and consisting of a series of acts, the evidence must be confined to the time alleged. *Commonwealth* v. *Briggs*, 11 Met. 573. *Commonwealth* v. *Traverse*, 11 Allen, 260. *Commonwealth* v. *Foley*, 99 Mass. 499. The complaint upon which the defendant was tried in the Superior Court might be supported by evidence which would not have been admissible under the complaint upon which he appeared by the record to have been tried in the Municipal Court.

As the defect was not in the complaint itself, but appeared for the first time upon the face of the papers transmitted to the Superior Court, and affected its jurisdiction, it was open to the defendant after verdict in that court. St. 1864, *c.* 250, §§ 2, 3.

The defendant's exceptions to the overruling of the motion in arrest of judgment must therefore be sustained. But if the Mu-

nicipal Court should amend its record, and certify a copy thereof as amended to the Superior Court, the defendant might be tried there anew. *Commonwealth* v. *Doty*, 2 Met. 18. *Commonwealth* v. *Dressel*, 110 Mass. 102. *Commonwealth* v. *Taylor*, *ante*, 1. The proper order therefore will be not that judgment be arrested, and the defendant discharged, but only that the

*Exceptions be sustained, and the verdict set aside.*