## COMMONWEALTH *vs.* MICHAEL FOYNES.

Essex. Jan. 1. — Feb. 26, 1879. COLT & ENDICOTT, JJ., absent.

If a complaint to a Police Court, purporting to be made by "W. S.," and signed "W. F.," upon which the defendant is tried and convicted in the Superior Court, is amended in that court, after verdict, so as to make it appear that the signature was made by W. S., to which complaint, as amended, the defendant is not called upon to plead, he is entitled to a new trial.

COMPLAINT to the Police Court of Lynn, purporting to be made by "W. Stone," and signed "William Foynes," charging the defendant with unlawfully keeping intoxicating liquor, with intent unlawfully to sell the same in this Commonwealth.

In the Superior Court, on the day after the jury had returned a verdict of guilty, *Putnam*, J., without the knowledge or consent of the defendant or his counsel, and without either of them being in court, permitted the copies of the complaint filed in court, upon which the defendant was tried and convicted, and to which complaint objection and exception had been taken by the defendant before a jury had been sworn or empanelled, to be amended upon motion of the clerk of the Police Court of Lynn, by striking out the name "Foynes" after the name "William" in the signature to the complaint, and inserting the name "Stone," so that the record stood as if the signature and oath to the complaint were made by William Stone instead of William Foynes. The defendant was not called upon to answer or plead to the complaint as amended.

To the ruling of the judge permitting the amendment, the defendant excepted; and also filed a motion in arrest of judgment for the same cause, which motion was overruled. The defendant alleged exceptions.

*H. F. Hurlburt*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

SOULE, J. It is well established in this Commonwealth that the copies sent up from a Police Court or a justice of the peace to the appellate court, in case of appeal by a defendant in criminal proceedings, may be amended at any time before the case has been submitted to the jury in the appellate court. *Common-*

*wealth* v. *Phillips*, 11 Pick. 28. *Commonwealth* v. *Doty*, 2 Met. 18. *Commonwealth* v. *Magoun*, 14 Gray, 398. It is equally well settled that the trial in the appellate court must be on the original allegation of offence, and for the same offence for which the defendant was tried in the court appealed from. A conviction will not be sustained when it appears that the certified copy charges the offence to have been committed on a different day from that charged in the original complaint. *Commonwealth* v. *Phelps*, 11 Gray, 72. A complaint for unlawfully selling intoxicating liquor to a person unknown, on which the defendant was convicted before a lower court on proof of a sale to one person, is not supported at the trial on appeal by proof of a sale to a different person. *Commonwealth* v. *Blood*, 4 Gray, 31. An amendment of the certified copy of the complaint changing the allegation of the time of committing the offence, allowed after a conviction in the appellate court, entitles the defendant to a new trial. *Commonwealth* v. *Dressel*, 110 Mass. 102.

The defendant in the case at bar was convicted on a complaint, as the certified copy showed, which was signed and sworn to by William Foynes. This certified copy was afterward amended so that it appeared that the original complaint was signed and sworn to by William Stone. On that complaint the defendant was not tried in the Superior Court. If he were sentenced upon it, he would be sentenced on a different complaint from that on which he had been tried in the appellate court. The exceptions must therefore be sustained, and there must be a new trial on the complaint as originally signed and sworn to. *Commonwealth* v. *Doty*, 2 Met. 18. *Commonwealth* v. *Dressel*, above cited.

*Exceptions sustained.*