COMMONWEALTH *vs.* EUGENE J. SULLIVAN.

Middlesex. Nov. 24. — Dec. 1, 1884. FIELD, C. ALLEN, & COLBURN, JJ., absent.

The clerk of a district court, to which a complaint for keeping and maintaining a common nuisance had been made, transmitted to the Superior Court copies of the complaint and the record of the proceedings of the district court thereon, certified to by him as true copies of the same, in which copy of the complaint the defendant was described as "Eugene J. Ruggles." When the case was called for trial in the Superior Court, the district attorney offered another copy of the complaint and record, certified to by the clerk of the district court in the same manner as the first copy, from which it differed only in the fact that the defendant was described as "Eugene J. Sullivan," his true name. The district attorney stated that he proposed to proceed to trial upon the second copy; and contended that it was an amended copy of the record of the district court. The defendant was tried, against his objection, upon the second copy, and was convicted. *Held*, that he had no ground of exception.

COMPLAINT to the Third District Court of Eastern Middlesex, for keeping and maintaining a common nuisance, to wit, a certain tenement in Cambridge, used for the illegal sale and illegal keeping of intoxicating liquors, on January 1, 1884, and on divers other days and times between that day and April 9, 1884. Trial in the Superior Court, before *Bacon* J., who allowed a bill of exceptions, in substance as follows:

The clerk of said district court, on the first day of the term, transmitted to the Superior Court copies of the complaint and record of the district court, certified to by him as true copies of the same, in which copy of the complaint the defendant was described as Eugene J. Ruggles. When the case was called for trial in the Superior Court, the district attorney offered another copy of said complaint and record, certified to by the clerk of the district court in the same manner as the first copy, differing only from that copy in this, that the defendant was described as

Eugene J. Sullivan; and the district attorney informed the judge that he proposed to proceed to trial upon said second copy, and contended that said second copy was an amended copy of the record of the district court, but he did not ask leave to have the first copy of the record amended. There was no evidence before the court as to which copy was the true copy of the complaint and record made and entered in the district court, other than the certificates of the clerk, attached to said copies, that they were true copies of the complaint and record on file in said court.

The defendant was not asked to plead, nor was either of said copies of the complaint read to him, nor did he waive the reading of the same.

The defendant objected to being tried on said second copy; but the judge overruled the objection, and ordered the trial to proceed thereon. After the evidence was all in, the defendant objected to the submission of said second copy of the complaint to the jury; but the judge overruled the objection, and said second copy was given to the jury when they retired. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. O'Brien*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The Superior Court properly allowed the amended record of the district court to be filed before the trial. *Commonwealth* v. *Foynes*, 126 Mass. 267, and cases cited. The defendant was tried upon the same complaint to which he had pleaded in the court below. The exceptions show no error at the trial in the Superior Court.          *Exceptions overruled.*