## COMMONWEALTH vs. JOHN MOORE.

Plymouth.    October 16, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Time — Evidence.*

At the trial of a complaint for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and keeping for sale of intoxicating liquors, from May 1 to September 18, evidence was admitted of acts of the defendant tending to show that he kept the tenement on September 18. *Held*, that the evidence was competent, even if that date was not included in the time alleged, as tending to prove that he kept it during that time.

Evidence was also introduced at the trial, that the tenement was a dwelling-house consisting of several rooms; that many had been seen going into the house after dark, some of whom came out drunk; that, upon a search of the premises, empty beer bottles, a jug and a bottle, with a little whiskey in each, and a small glass wet with whiskey, were found in different rooms; that the defendant, who had been seen around the premises, was on that occasion sitting by the stove, and several men were standing around, two of whom were under the influence of liquor. *Held*, that there was evidence of the guilt of the defendant to be submitted to the jury.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a certain tenement in Brockton, used for the illegal keep-

ing and illegal sale of intoxicating liquors, on May 1, 1887, and
" on divers other days and times between that day and the 18th
of September," 1887.

At the trial in the Superior Court, on appeal, before *Staples*,
J., there was evidence tending to prove that the tenement was a
dwelling-house with four rooms, each room about twelve feet
square; that it was situated on a private way in Brockton; that
a good many persons had been seen going into and out of the
house nearly every night; that, about September 1st, three men
were seen to come out of the house drunk; that the defendant
had been seen, prior to September 18th, around the building,
but had not been seen to go into it; that, on July 24th, the
house was duly searched upon a search-warrant; that there
were found eighteen empty beer bottles in the kitchen, a jug
and a bottle, each with a little whiskey in it, and a small glass
wet with whiskey, in other rooms; that at the time of the search
the defendant was sitting by the stove in one of the rooms; and
that there were nine men there standing around the room, two
of whom were under the influence of liquor.

Evidence was also introduced, that, on September 18th, officers
entered the house with a search-warrant; that, when they went
in, the defendant stood in the middle of the floor with a pint
bottle in one hand and a glass in the other, with a group of men
around him; that an officer attempted to take the bottle, but
the defendant put it behind him, when one of the group took it
and threw it out of the window; that there was a little whiskey
in the glass held by him; that, during September 18th, the de-
fendant had been seen to leave the premises, and to return with
a bottle in his pocket and a package under his arm; that he
was then seen to take a bottle out of his pocket three times, and
to give liquor to people in the house; that the defendant, upon
his arrest on that day, was asked if he desired to lock up the
house; and that the defendant thereupon told the men present
that they must go out, and also told another person to fasten
the windows, and gave such person the key of the house with
which to lock it up.

The defendant contended that the evidence as to what oc-
curred, and was seen to occur, on September 18th, was inad-
missible, and asked the judge so to rule, as well as to rule that

there was not sufficient evidence to go to the jury. The judge refused so to rule, and instructed the jury that the evidence as to September 18th was not competent except upon the question as to who kept the place during the time alleged, and that upon the question as to the use of the tenement as charged it was not to be considered.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

By the Court. Evidence of the acts of the defendant tending to show that he kept the tenement on September 18th, was competent, even if that date is not included in the time alleged in the complaint. It has some tendency to prove that he kept it during the time alleged.

There was sufficient evidence of the guilt of the defendant to require the court to submit the case to the jury.

*Exceptions overruled.*