## COMMONWEALTH vs. Z. N. LE CLAIR.

Worcester.   October 1, 1888. — October 22, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Complaint alleging future Offence — Clerical Error — Amendment — Arrest of Judgment.*

The copy of a complaint transmitted on appeal to the Superior Court by a trial justice was subscribed and sworn to on January 12, 1888, and alleged that the defendant kept and maintained a common nuisance, to wit, a tenement used for the illegal sale and keeping of intoxicating liquors, from August 1, 1887, to August 1, 1888. Copies of the warrant and recognizance each recited the charge in the complaint as keeping the nuisance from August 1, 1887, to January 12, 1888. *Held,* on a motion in arrest of judgment, that the Superior Court had no jurisdiction to try the offence alleged, but that, as the copy of the complaint, if erroneous, was amendable, judgment would not be arrested and the defendant discharged, but the verdict would be set aside and a new trial ordered to further such amendment.

COMPLAINT to a trial justice, for keeping and maintaining a common nuisance, to wit, a certain tenement in Brookfield used for the illegal sale and keeping of intoxicating liquors.

In the Superior Court, on appeal, the defendant, after verdict and before judgment, moved in arrest of judgment, on the ground that the complaint covered a future period of time, and did not allege an offence that had been committed. The motion was overruled; and the defendant appealed to this court. The facts appear in the opinion.

*J. R. Thayer,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

MORTON, C. J.   When an appeal is taken from the sentence of a trial justice in a criminal case, it is the duty of the justice to transmit to the Superior Court a copy of the conviction and other proceedings in the case. Pub. Sts. c. 155, § 60. The Superior Court can try the defendant for the offence set out in the copy of the complaint transmitted to it, and for no other offence. If there is an error in the copy, the trial justice may transmit an amended and corrected copy at any time before the trial in the Superior Court. He cannot do so afterwards, so as to make good the conviction of the defendant. *Commonwealth v.*

*Foynes,* 126 Mass. 267, and cases cited. *Commonwealth* v. *Kelly,* 12 Gray, 123.

In the case at bar, the copy of the complaint transmitted to the Superior Court, upon which he was tried in that court, charges the defendant with keeping a tenement used for the illegal keeping and sale of intoxicating liquors, "on the first day of August in the year of our Lord one thousand eight hundred and eighty-seven, at Brookfield, in said county, and on divers other days and times between that day and the first day of August in the year eighteen hundred and eighty-eight." The complaint is subscribed and sworn to on the twelfth day of January, 1888. The offence for which the defendant was tried is a single indivisible offence, and the complaint might be supported by proof of illegally maintaining the tenement at any time between January 12, 1888, and August 1, 1888. The allegation of time is essential and material, defining the offence. It is different from the offence of maintaining a tenement from August 1, 1887, to January 12, 1888. *Commonwealth* v. *Dunster,* 145 Mass. 101, and cases cited.

A man is not liable for an offence until he has committed it. The copy of the complaint upon which the Superior Court acted sets forth no legal offence, and neither the trial justice nor the Superior Court had jurisdiction to try the offence alleged in it. *Commonwealth* v. *Doyle,* 110 Mass. 103. The defendant's objection is not for any formal defect, but it affects the jurisdiction of the court, and is open to the defendant after verdict. *McQuade* v. *O'Neil,* 15 Gray, 52. *Commonwealth* v. *Hinds,* 101 Mass. 209. *Commonwealth* v. *Galligan,* 113 Mass. 203.

But it does not follow that judgment is to be arrested and the defendant discharged. Upon looking at the whole record, it seems probable that there was a clerical error in the copy of the complaint transmitted to the Superior Court. The copy of the warrant and the copy of the recognizance each recites the charge in the complaint as keeping a nuisance from August 1, 1887, to January 12, 1888. The proper disposition of the case, therefore, is to set aside the verdict and order a new trial, to enable the trial justice to amend the copy of the complaint. If he should do so, the defendant may be tried anew in the Superior Court. *Commonwealth* v. *Galligan, ubi supra.* *Verdict set aside.*