## COMMONWEALTH *vs.* PATRICK FAY.

Norfolk. November 25, 1889. — May 5, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Police Court — Special Justice — Appeal Record — Arrest of Judgment.*

If a special justice of a police court sits in place of the justice in the trial of a complaint, that fact, together with the reason why he so sits, should, under the Pub. Sts. c. 154, § 25, be stated on the record; otherwise, a conviction had on appeal in the Superior Court cannot be sustained.

COMPLAINT to the Police Court of Brookline, for the unlawful sale of intoxicating liquors. The copy of the record of the judgment of the police court, transmitted to the Superior Court on appeal, was signed, " Charles F. Perkins, Justice of said Court," without more, and attested by " Charles H. Drew, Justice of said Court." The copy of the complaint accompanying the record of the judgment disclosed that the complaint

was subscribed and sworn to before " Charles F. Perkins, Special
Justice," without more, and was attested by " Charles H. Drew,
Justice of the Police Court of Brookline." At the trial, the jury
returned a verdict of guilty; and the defendant filed a motion in
arrest of judgment, on the ground that it did not appear from the
record that the complaint was subscribed, sworn to, and tried by
such special justice for the reason that the justice of the police
court was disabled, or had requested him to act, or that there was
a vacancy in the place of justice of that court at the time. The
motion was overruled; and the defendant appealed to this court.

*J. L. Eldridge*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second
Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. The defendant's objection is, that the oath to
the complaint was taken before the special justice of the Police
Court of Brookline, and that the record was signed by him, thus
showing that the trial in the police court was before him; and
that there was nothing upon the record to show that he had
authority to act by reason of the sickness, interest, absence, or
other disability of the justice. It is provided in the Pub. Sts.
c. 154, § 25, that each police court " shall be held by the justice,
except in case of his sickness, interest, absence, or other disa-
bility ; but in such cases, and in case of a vacancy in the office
of justice, the special justice holding the oldest commission shall
have the powers and perform the duties of the justice; and at
any time upon request of the justice either special justice may
hold a session of the court, and two or more sessions may be held
at the same time, the fact being stated upon the record."

This provision is applicable to the Police Court of Brookline.
St. 1882, c. 233, §§ 4, 5. Upon reading the language of the above
provision alone, with the punctuation found in the Public Stat-
utes, it might be doubtful if the requirement that the fact be
stated upon the record was intended to apply to anything more
than the latter part of the provision ; but an examination of
earlier legislation leaves no doubt that, whenever the special
justice acts, the reason should be stated upon the record. The
original provision is found in the Rev. Sts. c. 87, § 31, applica-
ble to the four police courts then existing outside of Boston,
and it is clear in so requiring. Afterwards a great number of

police courts were established, and in some of the acts establishing them this requirement was inserted; as, for instance, in Sts. 1848, c. 32, § 33, Worcester; 1848, c. 260, § 8, Lawrence; 1849, c. 127, § 8, and 1858, c. 84, § 8, Taunton; 1850, c. 310, § 9, Pittsfield; 1852, c. 94, § 29, Springfield; 1852, c. 304, § 9, Fall River; 1855, c. 312, § 9, Lee. In others, however, it was omitted; as in Sts. 1849, c. 86, § 10, Lynn; 1854, c. 34, § 8, Haverhill; 1854, c. 277, § 8, and 1857, c. 294, § 2, Adams; 1854, c. 72, § 8, Blackstone; 1854, c. 60, § 8, Milford; 1854, c. 249, § 13, and 1855, c. 153, § 10, Roxbury; 1854, c. 312, § 8, Plymouth; 1854, c. 335, § 14, Cambridge; 1855, c. 26, § 9, Chelsea; 1855, c. 83, § 8, Williamstown; 1855, c. 463, § 8, Chicopee; 1857, c. 112, § 9, Framingham; 1858, c. 136, § 9, Gloucester.

This difference in the form of these various acts was probably owing to inadvertence, as it is hardly to be supposed that the Legislature intended to make a different rule in this respect for different police courts. When the statutes came to be revised, the commissioners on the revision reported in clear terms, that when, in case of the absence, etc. of the justice, the special justice should act, the fact should be stated on the record. Commissioners' Report on the Gen. Sts. c. 116, § 3. The Legislature changed the form of the enactment by inserting the provision concerning a vacancy, and made the whole section more complex; but there was no apparent intention to limit the requirement as to the record. The form of phraseology adopted in the General Statutes was followed in re-enacting this section in the Pub. Sts. c. 154, § 25.

It follows from this, that the record now before us should have contained something to show why the special justice acted in hearing the case. No amendment of the record was offered, and it has been held in an analogous case that the omission affected the jurisdiction of the court, and might be availed of on a motion in arrest of judgment. *Commonwealth* v. *Fay*, 126 Mass. 235.

The fact that the copies are attested by the justice of the court does not cure the defect in the record; nor, in view of the statutory requirement, can it be assumed that some fact existed which would authorize the special justice to act. In

this respect the⟍ ⟍ differs from *Commonwealth* v. *Clark*, 16 Gray, 88, and *Co⟍ ⟍mwealth* v. *Connell*, 9 Allen, 488, where the attestation of copies by one who certified as clerk *pro tempore* was held to be *prima facie* sufficient.

Upon the facts stated in the record, the motion in arrest should have been granted.          *Motion granted.*