## COMMONWEALTH *vs.* JAMES E. CARNEY.

Middlesex.    November 24, 1890. — April 1, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON,
MORTON, & LATHROP, JJ.

*Criminal Appeal — Amendment of Record after Verdict — Arrest of Judgment.*

The copy of the record of a district court in a criminal case, sent up on appeal,
recited that the defendant was tried and found guilty in that court, a special
justice thereof being "present and holding the court," without more.  After a
verdict of guilty in the Superior Court, and before judgment, the defendant
moved in arrest of judgment, on the ground, then alleged for the first time,
that the copy did not show that the special justice had authority to act; and
thereupon the district attorney was permitted, against the defendant's objection,
to introduce an amended copy of the record reciting that the special justice sat
in the absence of the "justice of said court."  *Held*, that the defendant had no
ground of exception.

COMPLAINT for keeping intoxicating liquors with intent un-
lawfully to sell the same.   Trial in the Superior Court, on
appeal, before *Bishop*, J., who, after a verdict of guilty, over-
ruled a motion in arrest of judgment, and allowed exceptions,
which appear in the opinion.

The case was submitted on briefs in November, 1890, and
afterwards was re-submitted on the same briefs to all the
judges.

*J. L. O'Neill*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

KNOWLTON, J.   The defendant in this case was charged with
the illegal keeping of intoxicating liquor with intent to sell it.
The case was heard in the First District Court of Southern
Middlesex, before Lucius H. Wakefield, first special justice of
the court, who found the defendant guilty.   The defendant
appealed, and was tried in the Superior Court, and a verdict of
guilty rendered against him.   After the verdict in the Superior
Court, and before judgment, the defendant moved in arrest of
judgment, on the ground that the copy of the record which was
sent up from the District Court did not show that the first spe-
cial justice had authority to act.   Thereupon the district attor-
ney asked for leave to introduce an amended copy of the record

of the proceedings in the district court. The defendant objected, but the motion was granted, and the amendment allowed, and the defendant excepted. In the copy of the record on which the case was tried in the Superior Court, it appeared that the defendant was brought before " the First District Court of Southern Middlesex, . . . Lucius H. Wakefield, Esquire, first special justice of said court, present and holding the court." In the amended record this was changed so as to read, " Lucius H. Wakefield, Esquire, first special justice of said court, present and holding the court in the absence of Willis A. Kingsbury, Esquire, justice of said court."

It has often been held in an appealed criminal case, that, where there is an error in the copy of the record of the proceedings in the court below, an amended copy may be filed at any time before the case is submitted to the jury. *Commonwealth* v. *Phillips*, 11 Pick. 28. *Commonwealth* v. *Kelly*, 12 Gray, 123. *Commonwealth* v. *Magoun*, 14 Gray, 398. *Commonwealth* v. *Wiggin*, 111 Mass. 428. *Commonwealth* v. *Foynes*, 126 Mass. 267. *Commonwealth* v. *Sullivan*, 138 Mass. 191. The effect of such an amendment upon a question relating merely to the jurisdiction of the court is, if the amended record shows jurisdiction, not only to establish the jurisdiction of the court from the time when the amendment is made, but also to show that there was jurisdiction from the beginning, and to establish the validity of everything properly done under the jurisdiction as it then appears.

In the present case, no objection was raised to any of the proceedings until after the jury had rendered their verdict. Then a motion in arrest of judgment was made, on the ground that it did not appear from the record that the special justice was authorized to act at the trial in the district court. This defect, if it had not been remedied, would have been fatal to the proceedings. *Commonwealth* v. *Fay*, 151 Mass. 380. But a motion in arrest of judgment can only be allowed for a cause affecting the jurisdiction of the court. Pub. Sts. c. 214, § 27. *Commonwealth* v. *Brown*, 150 Mass. 334. Then for the first time the defendant raised the question whether the court had jurisdiction. This question was to be determined by the record of the case; but it was to be determined by the true record, and not by a false one. If the record was then incorrect, it was proper

for the court, at any time before the hearing or trial upon the question then raised, to allow it to be amended. The rule, that any amendment in the record which changes the complaint, or affects the course of the trial before the jury, must be made before the case is submitted to the jury, rests on no different principle from that which, in deciding a question in regard to the jurisdiction of the court first raised after verdict by a motion in arrest of judgment, permits the record to be corrected at any time before the close of the hearing upon the motion. If the defendant had objected to the jurisdiction at the trial before the jury, and had been forced to proceed against his objection, there would have been error on the part of the court, of which he might have availed himself by a bill of exceptions. Under those circumstances, he might have stood on his legal rights, and it might have been assumed in his favor that he did not avail himself of other grounds of defence which were open to him. But when he submitted himself to the jurisdiction of the court without objection, and when, on his first raising a question in regard to it, it is made to appear by an inspection of the corrected record that the court had jurisdiction in fact, even though the original record did not show it, he cannot justly complain of the course of the trial. If the amendment of the record had made any change in the complaint on which he was tried, the result would be different.

The cases of *Commonwealth* v. *Foynes*, 126 Mass. 267, and *Commonwealth* v. *Le Clair*, 147 Mass. 539, establish the doctrine that it is not too late to amend a record in a criminal case, and cure a defect showing an apparent want of jurisdiction, after the jury have rendered a verdict and the defendant has moved in arrest of judgment. See also *Commonwealth* v. *Fay*, 151 Mass. 380. In both of these cases it appeared by the amended record that the trial proceeded on a wrong complaint, and for that reason no judgment could be rendered without a new trial. But in the present case there is no occasion for a new trial. The correction of the record is in a particular which was not involved or referred to on the trial. The amendment shows that the trial was properly had on the complaint which was originally made in the district court, and that the court at all times had jurisdiction. If a new trial were ordered, there would be no reason

to expect that it would differ in any particular from that which
has been had.   In the opinion of a majority of the court, the
entry must be,

> *Order overruling motion in arrest of judgment affirmed.*
> *Exceptions overruled.*