## COMMONWEALTH *vs.* EDWARD H. GALLIGAN.
## SAME *vs.* SAME.

Norfolk.    March 28, 1892. — May 7, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Complaint — Continuance — Jurisdiction — Statute.*

The discontinuance of a prosecution, which is the result of a continuance *nisi*, is no more a bar to a new complaint than the entry of a *nolle prosequi* before the commencement of the trial would be.

If, in the trial of a complaint on appeal in the Superior Court, there is nothing on the record to show how the jurisdiction was transferred from one trial justice to another, as required by the St. of 1883, c. 175, a conviction cannot be sustained

If evidence is admitted, in a complaint for maintaining a common nuisance for the illegal keeping and sale of intoxicating liquors, of the purchase of liquor by a witness at a time a little after the time covered by the complaint, a new trial will not necessarily be granted.

Where, in a criminal case, the judge charged the jury that the fact that the defendant did not offer his wife and clerk as witnesses in his own behalf might be considered by them, provided that they found that under the circumstances the defendant was called upon to produce the witnesses, and then qualified the instructions by saying that, " as matter of law, a wife cannot be compelled, against her will, to testify for or against her husband, and also that no witness can be compelled to give evidence in a court of justice which will tend to criminate him," it was *held* that the defendant had no ground of exception.

THE FIRST CASE was a complaint to Oscar A. Marden, Esq., a trial justice for the county of Norfolk, charging the defendant with the illegal keeping of liquors in Canton on April 20, 1890.

At the trial in the Superior Court it appeared that, at the trial before Mr. Marden, the defendant, on a complaint for the same offence sworn out May 15, 1890, had been brought before Thomas E. Grover, Esq., a trial justice for the same county, on the 19th of the same month, and that the case had been several times continued, finally to June 17th following, when it was continued *nisi.*

*Bishop*, J. declined to rule, as the defendant requested, that the above proceedings amounted in law to a discharge of the defendant, and constituted a defence to the prosecution, and the defendant alleged exceptions.

It appeared that the defendant was in the first instance

brought before Peter Daily, Esq., a trial justice, for examination, on December 10, 1890, but there was nothing in the record to show how the jurisdiction was transferred to Mr. Marden. The presiding judge overruled the defendant's motion to quash the proceedings.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Corcoran,* (*J. G. Foley* with him,) for the defendant.

*C. N. Harris,* Second Assistant Attorney General, (*G. C. Travis,* First Assistant Attorney General, with him,) for the Commonwealth.

ALLEN, J. 1. The former prosecution before Mr. Grover was no bar to the present prosecution. The continuance of that prosecution *nisi,* that is, to no fixed day, amounted to a discontinuance, and the defendant could no longer be held in that case. *Commonwealth* v. *Maloney,* 145 Mass. 205. But this was not equivalent to an acquittal. The defendant was never put upon trial in that prosecution, and the discontinuance which was the result of the continuance *nisi* was no more a bar to a new complaint than the entry of a *nolle prosequi* before the commencement of the trial would be. *Commonwealth* v. *Tuck,* 20 Pick. 356, 365. *Commonwealth* v. *Scott,* 121 Mass. 33.

2. The defendant was in the first instance brought before Peter Daily, Esquire, trial justice, for examination, on December 10, 1890. There is nothing on the record to show how the jurisdiction was ever transferred from Mr. Daily to Mr. Marden, the trial justice before whom the defendant was tried. The statutes provide for transfer of jurisdiction when the magistrate dies before final judgment; Pub. Sts. c. 155, § 66; and also where he fails to attend. St. 1883, c. 175. Mr. Marden's jurisdiction must depend on the latter statute, as there is no suggestion that Mr. Daily was dead; and this statute provides that the justice so taking cognizance of the case shall make a minute of the proceedings before himself on the complaint, and certify the same, which shall be entered on the records of the justice who makes the final order, sentence, or decree in the case. Nothing of the kind was done, and there was nothing to show that Mr. Marden had any right to assume jurisdiction of the case. It was not sufficient to set forth the fact that he actually assumed

to exercise jurisdiction ; the statute contemplates that his right
to do so shall appear of record.  *Commonwealth* v. *Fay*, 151
Mass. 380.  *Commonwealth* v. *Carney*, 153 Mass. 444.  *Common-
wealth* v. *Connor*, 155 Mass. 134.          *Exceptions sustained.*

THE SECOND CASE was a complaint charging the defendant
with keeping and maintaining a common nuisance in Canton,
for the illegal keeping and sale of intoxicating liquors, between
March 1 and December 10, 1890.

At the trial in the Superior Court, before *Sherman*, J., one
Mathews testified that he bought liquor in the store in which it
was alleged that the nuisance was kept by the defendant, in
December, 1890.

The judge charged the jury, " If you find that the government
has produced such evidence of the guilt of the defendant that
in addition to his own evidence he was called upon to produce
other evidence within his control, and that his wife and clerk
were important and material witnesses, and within his reach,
and that he knew that they could give important and material
evidence upon the issue of his guilt or innocence, and that these
witnesses were so situated and related to the defendant that you
would expect him to call them, and not the Commonwealth, then,
if he does not call them, or explain why he does not, it is a cir-
cumstance in the case for your consideration, and you may give
it such weight, and only such weight, as you think it is fairly
entitled to."

The defendant asked the court to strike out the charge, or
qualify it, because the defendant's wife could not be compelled
to testify for him, and because the clerk would not be obliged
to give evidence which might tend to criminate himself.  · The
judge declined so to do, but instructed the jury, " You may con-
sider, in connection with and as bearing upon said instructions,
that, as matter of law, a wife cannot be compelled, against her
will, to testify for or against her husband, and also that no
witness can be compelled to give evidence in a court of justice
which will tend to criminate him."

The jury returned a verdict of guilty; and the defendant
alleged exceptions.

The second case was argued by the same counsel as was the
first case.

ALLEN, J.   1. It does not appear that the purchase of liquor by the witness Mathews was after the expiration of the time covered by the complaint; but even if it was, a new trial of offences of this nature is not necessarily to be granted because of the admission of such evidence relating to a time a little after the time within which the offence must be proved.  *Commonwealth* v. *Finnerty*, 148 Mass. 162, 166.   *Commonwealth* v. *Moore*, 147 Mass. 528.  *Commonwealth* v. *Matthews*, 129 Mass. 487.  The admission of the evidence in this case furnishes no sufficient reason for a new trial.

2. We find no error in the instructions to the jury.  *Commonwealth* v. *Finnerty*, 148 Mass. 162, 167.   *Commonwealth* v. *Shaw*, 4 Cush. 594.                                         *Exceptions overruled.*