STATE OF MAINE *vs.* FRED L. SMITH, Appellant.

Somerset.    Opinion September 7, 1904.

*Arrest of Judgment.   Criminal Appeal.   Defective Record.   Amendable after Verdict.   True Record Controls.   Practice.*

Where a motion in arrest of judgment in the appellate court was upon the ground that the original warrant bore no seal, and the presiding justice after verdict permitted the filing of an amended copy of the warrant showing that there was a seal upon it, *Held;* that the motion was properly overruled.

Judgment in a criminal case is arrested for error appearing on the face of the record, but it is the true record and not a false one which controls.

If the record before the court is not a true record, the court may permit its amendment at any time before deciding the question raised by the motion.

On exceptions by defendant.    Overruled.

Search and seizure complaint entered in the Supreme Judicial Court, March term, 1904, Somerset county, on appeal from the Municipal Court of Skowhegan. After a verdict of guilty, the presiding justice overruled a motion in arrest of judgment, and allowed exceptions. The case appears in the opinion.

*George W. Gower*, County Attorney, for State.

*George G. Weeks*, for respondent.

SITTING: EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Complaint originating in the Municipal Court of Skowhegan. The respondent appealed, and in the Supreme Judicial Court after verdict and before judgment moved in arrest of judgment upon the ground that the original warrant bore no seal. The presiding justice, against the respondent's objection, permitted the county attorney to file an amended copy of the warrant, showing that there was a seal upon the original warrant, and thereupon overruled the motion. To these rulings the respondent excepts.

A warrant not under seal is void. If the fact were as alleged in the motion judgment should have been arrested. The copy did not show any seal upon the warrant, and if this were the only evidence the omission would be fatal. But the question raised by the motion was not what the copy originally filed might show, but whether there was in fact a seal upon the original warrant. It was entirely competent for the presiding justice to permit the filing of an amended copy, showing that in truth and in fact the original warrant did have a seal upon it. Judgment in a criminal case is arrested for error appearing on the face of the record, but it is the true record and not a false one which controls. If the record before the court was not a true record, it was proper for the court to permit it to be amended at any time before deciding the question raised by the motion. The court was not obliged to stultify itself by denying an amendment in accordance with the fact, and refusing to receive competent evidence upon the very question which the motion raised. The record a s amended shows no error and the motion was properly overruled.

This case is not to be confounded with *State* v. *Libby*, 85 Maine, 169, and similar cases in which the amendment is to the complaint and affects the offence for which the accused is tried. In such cases it is necessary that the amendment be made before the case is given to the jury. Otherwise the respondent might be convicted upon one complaint and judgment rendered upon another. In the case at bar the amended record shows that the original warrant was in due form and that the respondent was tried and convicted upon the complaint as originally made.

In the closely analogous case of *Commonwealth* v. *Carney*, 153 Mass. 444, the court permitted an amended copy of the record below, showing jurisdiction in the lower court, to be filed after verdict and motion in arrest of judgment.

*Exceptions overruled.*