# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE

STATE OF MAINE *vs.* JAKE WISE.

Aroostook.    Opinion June 29, 1910.

*Intoxicating Liquors.    Search and Seizure.    Appeal.    Practice.    Revised Statutes, chapter 133, section 18.*

At the trial of a search and seizure process in the appellate court it did not appear from the copy sent up by the magistrate that the complaint was sworn to, the signature of the magistrate having been omitted from the jurat.    Thereupon the magistrate was allowed to file a new copy of the complaint in conformity with the original which showed that the oath was duly administered and the jurat signed by the magistrate. *Held:* That since the statute R. S., chapter 133, section 18, requires the magistrate to "send to the appellate court a copy of the whole process," it must be the true record which controls, and the appellate court is entitled to a correct and not an erroneous copy of the process; that it is impossible to conceive of a case in which the observance of this rule of practice could be productive of any hardship or injustice, but that, on the other hand, a contrary rule would open a door through which criminals would frequently stalk unwhipped of justice.

On exceptions by defendant.    Overruled.

Search and seizure process originating before a trial justice.    The defendant was found guilty and he appealed to the Supreme Judicial Court.    On trial in the appellate court the defendant was found guilty.    The defendant excepted to certain rulings during the trial.

The case is stated in the opinion.

*Eugene A. Holmes*, County Attorney, for the State.

*Charles Carroll*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, CORNISH, KING, BIRD, JJ.

WHITEHOUSE, J. At a hearing before a magistrate, the defendant was found guilty on a search and seizure process and appealed to the Supreme Judicial Court. At the trial in the appellate court it did not appear from the copy sent up by the magistrate that the complaint was sworn to, the signature of the magistrate having been omitted from the jurat. Thereupon the county attorney moved to amend the record in the appellate court; and against the objection of the defendant's counsel, the magistrate was allowed to file a new copy of the complaint in conformity with the original, which showed that the oath was duly administered and the jurat signed by the magistrate. A verdict of guilty was rendered against the defendant and the case comes to this court on exceptions to the ruling of the presiding Justice allowing the magistrate to file a corrected copy of the complaint.

The ruling of the presiding Justice was correct. The amendment was clearly allowable. Section 18 of chapter 133, R. S., requires the magistrate to "send to the appellate court a copy of the whole process." As it must be the true record which controls, the appellate court is obviously entitled to a correct and not an erroneous copy of the process, and for three-fourths of a century it has been the settled practice in this State and Massachusetts for the court to receive such amended copies at any time before the case is given to the jury. *Com.* v. *Phillips*, 11 Pick. 29; *Com.* v. *Magoun*, 14 Gray, 398; *State* v. *Libby*, 85 Maine, 169. See also *State* v. *Young*, 56 Maine, 219; *State* v. *Smith*, 99 Maine, 164; *Com.* v. *Carney*, 153 Mass. 444; *Com.* v. *Sullivan*, 138 Mass. 191.

The court is not convinced by the elaborate argument of the defendant's counsel that this reasonable practice should be reversed. It is impossible to conceive of a case in which the observance of

this rule could be productive of any hardship or injustice. On the other hand it is manifest that a contrary rule would open a door through which criminals would frequently stalk unwhipped of justice.

<div style="text-align: right">

*Exceptions overruled.*
*Judgment for the State.*