COMMONWEALTH *vs.* MICHAEL J. DUGGAN.

Middlesex.     October 20, 1926. — November 23, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Superior Court*, Jurisdiction. *Practice, Criminal*, Appeal from district court; Record of district court; Exceptions. *Evidence*, Of court record.

The certified record presented to the Superior Court, on an appeal from a conviction after a plea of not guilty upon a complaint in a district court, stated that the defendant was tried and found guilty on a complaint made on March 9, while the copy of the complaint transmitted with the record stated that the complaint was received and sworn to on April 1. In the Superior Court, the defendant filed a motion to quash the complaint on the ground that the original complaint was changed without authority, a plea in abatement on that and on other grounds, and a plea in bar. The judge refused to hear evidence from the clerk of the court and the proper officers to substantiate the allegations in the motions and the pleas, and overruled them. The defendant alleged exceptions. *Held*, that

(1) Although a general plea admits the sufficiency of the complaint and is a waiver of all matters in abatement, the case at bar did not fall within that rule but presented a different question;

(2) It was clear that the defendant was not tried in the Superior Court on the same complaint as that on which he had been tried in the District Court;

(3) It was not open to the defendant in the Superior Court by parol evidence to amplify, modify or contradict the records of the District Court; such action could be taken in the District Court only;

(4) The evidence offered in support of the motion and pleas rightly was excluded;

(5) There was enough to call to the attention of the presiding judge the contention of the defendant that the copy of the complaint on which he was to be tried in the Superior Court was not the same as that on which he had been tried in the District Court; and it was the judge's duty to determine the true state of facts;

(6) The exceptions were sustained: no order was made touching the final disposition of the case.

A motion for diminution of a bill of exceptions is not the proper procedure by which to correct errors in the bill after it has been allowed or, established.

COMPLAINT. On appeal to the Superior Court, the proceedings described in the opinion took place before *Marden,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. The defendant's motion and pleas were denied, he was found guilty, and alleged exceptions.

*P. A. Guthrie,* for the defendant.

*A. K. Reading,* District Attorney, & *S. H. Lewis,* Assistant District Attorney, for the Commonwealth, submitted a brief.

RUGG, C.J. This is a complaint for operating an automobile while under the influence of intoxicating liquor. G. L. c. 90, § 24. The copy of the complaint in the record before us is dated on the first day of April, 1925, and charges that the defendant operated an automobile on a public way while under the influence of liquor on March 8, 1925. It contains no allegation that it was a second offence. The record further shows that the defendant was found guilty in the District Court and that he duly appealed.

It is stated in the bill of exceptions that a complaint for the same offence was made against the defendant on March 9, 1925, and that he was on that day arraigned before the District Court and the case at his request was continued until April 1, 1925; that on April 1, 1925, he was tried and found guilty and sentenced, and appealed.

When the case came on for trial, but before the defendant was called to the bar in the Superior Court, he filed what is termed in the exceptions a "Motion to Quash." It was averred in this motion by the defendant, after saving his rights under his plea of not guilty theretofore pleaded, that the complaint, after the arrest of the defendant, was altered

by the clerk of the court at the request of a third person representing himself to be attorney for the defendant, so as to charge a second offence of operating a motor vehicle under the influence of liquor; that at the trial it developed that this person was not attorney for the defendant; whereupon the clerk, without the consent of the defendant and after the trial in the District Court, prepared a new complaint on which the finding of the judge was made. This motion was denied on the ground that it was filed too late. The defendant also filed what is termed a "Plea in Abatement," at the same time saving his rights under the plea of not guilty theretofore pleaded. The only material facts set forth are those stated in the "Motion to Quash" (although there are set out in it also numerous irrelevant matters concerning one Votour), together with the further averment that the complaint dated March 9, 1925, which was amended and upon which the defendant was arrested and tried, "has been lost or destroyed, and has not been returned to this [the Superior] Court, and the complaint which is now before this [Superior] Court, is one upon which the defendant has not been tried, but one upon which he has nevertheless been found guilty." The defendant also filed a paper entitled a "Plea in Bar," wherein, after reserving his rights under his plea of not guilty, it was set up that he "was previously convicted and sentenced for the same offence as set forth in complaint dated March ninth, 1925, as is now charged against him in complaint dated April 1st, 1925, and upon which he has been placed on trial." It is stated in the record that a hearing was refused on each of these two last mentioned matters. In conjunction with the recital of these two pleas, it is stated that the defendant made an offer of proof of testimony by the clerk and the probation officer of the District Court in support of the facts set out in the two pleas, which the court excluded. We interpret this part of the exceptions to mean that the judge refused to hear oral testimony of the nature offered in support of the facts alleged in the pleas and that the defendant offered nothing beside oral testimony in support of them and that they were denied.

It is to be observed that in each of these papers filed by the defendant it is implied, if not expressly stated, that he had pleaded not guilty. A general plea admits the sufficiency of the complaint and is waiver of all matters in abatement. *Lebowitch* v. *Commonwealth*, 235 Mass. 357, 362, 363, and cases there collected. *Commonwealth* v. *Leventhal*, 236 Mass. 516, 523.

The case at bar does not fall within that rule but presents a different question. The copies of all papers of record in the Superior Court are before us under G. L. c. 212, § 11. Among those papers is a certification of the record of proceedings in the District Court. It there is stated that the defendant appeared before the District Court without warrant on the ninth day of March, 1925, to answer to a complaint received and sworn to on the ninth day of March, 1925, wherein it is charged that the defendant on the eighth day of March, 1925, at Winchester did operate an automobile on a public way while under the influence of intoxicating liquor "and is more fully set forth in said complaint now on file in said court and numbered 6938," that the defendant pleaded not guilty and the complaint was continued from time to time until the first day of April, 1925, when he was found guilty and sentenced to the house of correction for two months from which sentence he appealed to the Superior Court and gave recognizance as required. Thus, according to this certificate duly attested by the clerk of the District Court, it appears that the defendant was tried and found guilty in that court on a complaint dated March 9, 1925. The copy of the complaint transmitted by the District Court duly attested by its clerk to the Superior Court states that the complaint was received and sworn to on the first day of April, 1925, although it is certified to be "a true copy of complaint #6938," being the same number, according to the certification of record, as the number of the complaint received and sworn to on March 9, 1925. The defendant was tried and found guilty in the Superior Court on the copy of complaint dated on April 1, 1925, which is the only copy of complaint transmitted to us. On the face of the record, therefore, the

defendant was tried in the Superior Court on a complaint different from that on which he was tried in the District Court.

The foundation of the jurisdiction of the Superior Court in a criminal case coming before it on appeal, is the complaint made in the District Court. The Superior Court can rightly try a defendant on such appeal only on the same complaint on which the defendant was tried in the District Court. The copy of the complaint may be amended, in order to make it conform to the original complaint, at any time before the case is submitted to the jury and in some cases even after verdict. But it must be the same complaint as that from which the appeal was taken. *Commonwealth* v. *Foynes,* 126 Mass. 267. *Commonwealth* v. *Carney,* 153 Mass. 444. *Commonwealth* v. *LeClair,* 147 Mass. 539. The conclusion that the defendant was not tried in the Superior Court on the same complaint on which he had been tried in the District Court is inevitable on comparison of the certification of the record of the District Court with the complaint on which the trial was had in the Superior Court. These both are matters of record in the Superior Court and are before us.

The defendant framed his motion to quash and plea in abatement on the theory that the occurrences in the District Court might be shown by parol evidence even though the record of the District Court thereby might be contradicted. The complaint received in the District Court and action of the District Court thereon can be shown only by the record of the District Court. District courts are now courts of superior and general jurisdiction as to all matters within their jurisdiction and their records are entitled to all presumptions in their favor which attach to records of other courts. G. L. c. 218, § 4. *Finer* v. *Commonwealth,* 250 Mass. 493, 496. The records of district courts therefore import incontrovertible verity. Parol evidence is not admissible to amplify, modify or contradict them. *Commonwealth* v. *Hassenger,* 105 Mass. 385. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 179, and cases cited. *Savage* v. *Welch,* 246 Mass. 170, 176. If it is thought that

the record of a district court is wrong, resort must be had to that court for correction. Hence the offer of proof made by the defendant in the Superior Court was rightly excluded. There was much irrelevant and improper matter in the motion to quash and in the plea in abatement tending to contradict the record of the District Court. But there was enough to call to the attention of the presiding judge the contention of the defendant that the copy of the complaint on which he was to be tried in the Superior Court was not the same as that on which he had been tried in the District Court. It was the duty of the judge, in view of that contention thus sufficiently even though somewhat obscurely advanced, to examine and compare the certification of the record of the District Court and the copy of complaint in order to ascertain whether there was ground for the contention. If that had been done, it would have been discovered that the defendant could not rightly be put to his trial on the copy of the complaint now before us.

No order is made touching the final disposition of the case because the record of the District Court or the copy of the complaint may be amended so as to render proper a trial of the defendant in the Superior Court. The plea in bar ought to have been overruled in the circumstances disclosed.

At the argument before this court the defendant filed a paper entitled "Motion for Diminution of Bill of Exceptions." This was irregular. The exceptions must be accepted as true. Exceptions cannot be allowed unless conformable to the truth. G. L. c. 231, § 113. *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, 432. If it is thought that a mistake has been made in the exceptions, the proper course is to move to discharge the exceptions as allowed in order to make a motion before the trial judge for correction. A case must be heard on exceptions as allowed or established. The motion discloses no reason to doubt the accuracy of the exceptions touching what occurred in the Superior Court. If this motion be treated as a suggestion for diminution of the record there is no ground for favorable action. True copies of the complaint and record in the District Court are required by law to be filed in the Superior Court. There is no occa-

sion for resort to the course pursued in *Doherty's Case,* 222
Mass. 98, and *Commonwealth* v. *Roby,* 12 Pick. 496.

The other questions argued are not likely to arise in the
same way if the case should be tried again and need not be
considered.

<div align="center">

*"Motion for Diminution of Bill of*
*Exceptions" denied.*

*Exceptions sustained.*